VAN DOREN and wife *vs.* OLDEN, trustee.

1. Where trust funds, of which the income, interest, or profits are given to one person for life, and the principal bequeathed over upon the death of the life tenant, are invested either by the trustee, or at the death of the testator, in stock or shares of an incorporated company, the value of which consists in part of an accumulated surplus or undivided earnings laid up by the company, such additional value is part of the capital. This, as well as the par value of the shares, must be kept by the trustee intact for the benefit of the remainder-man; but the earnings on such capital, as well as on the par value of the shares, belong to the life tenant.

2. When an extra dividend is declared out of the earnings or profits of such company, such extra dividend belongs to the life tenant, unless part of it was earnings carried to account of accumulated profits or surplus earnings at the death of the testator, or at the time of the investment if made since his death, in which case so much must be considered as part of the capital.

This cause was heard on bill and answer.

*Mr. Emery* and *Mr. Richey*, for complainants.

*Mr. C. S. Green*, for defendant.

THE CHANCELLOR.

The defendant, Charles S. Olden, is a trustee for the complainant, Lydia Ann Van Doren, under the will of her late father, the Rev. James Carnahan, D.D. The suit is brought to compel the defendant to pay to Mrs. Van Doren extra dividends which have been declared and paid to him in stock by two railway companies, whose capital stock forms part of the trust property held by him for Mrs. Van Doren.

Dr. Carnahan, the testator, died on the 3d of March, 1859, leaving a will duly executed, dated on the 10th day of January of that year. The will directed his executors to sell the residue of his real and personal estate, not specifically disposed of, and to pay one third part to the defendant, Olden, in trust for his daughter, the complainant, Lydia Ann Van Doren. He directed the trustee to pay the interest, income, and profits thereof to his said daughter during her natural life, and at her death to pay the principal to her children ; and in case she should die without leaving children, then to his daughter, Hannah McDonald; but if she should not survive her sister, Lydia, then to her children. Mrs. Van Doren has no issue. Mrs. McDonald has one son and no other child, and she, with her husband and son, are defendants, but do not contest the complainants' claim.

The trustee holds, as part of the trust fund, fifteen shares of the capital stock of the New Jersey Railroad and Transportation Company, and eight shares of the capital stock of the Philadelphia and Trenton Railroad Company, which were transferred to him by the executors of Dr. Carnahan, as part of the third of the residue given to him for Mrs. Van Doren. They were stocks held by the testator at his death, and were transferred to the trustee without being sold. On the eight shares of Philadelphia and Trenton Railroad stock, extra dividends have been made of four and a half shares of Camden and Amboy Railroad stock. On the New Jersey Railroad stock one and a half shares have been paid as an extra dividend, and the defendant became entitled to subscribe to two shares of new stock at $25 each, being half of their par value. He retains all the shares received, and has sold the half share of the Camden and Amboy stock, and with it paid for the two shares of the new stock of the New Jersey Railroad, and has sold the half share of the New Jersey Railroad stock for $34. He thus holds four shares of Camden and Amboy Railroad stock, three shares of New Jersey Railroad stock, and $34 in money, in addition to the shares originally transferred to him as part of the trust fund.

It is for these that the complainant, Mrs. Van Doren, makes claim, as part of "the interest, income, and profits" of the trust fund directed to be paid to her.

The early English decisions held, that in like bequests, extra dividends, especially if declared and paid in capital stock, were to be taken as part of the principal, and must be held by the trustee for the remainder-man, and the income from them only paid to the life tenant. *Brander* v. *Brander*, 4 *Ves.* 800 ; *Paris* v. *Paris*, 10 *Ves.* 184 ; *Witts* v. *Steere*, 13 *Ves.* 363.

But in *Barclay* v. *Wainewright*, 14 *Ves.* 67, Lord Eldon threw a doubt over the preceding cases, though more by his reasoning than by his decision.   In that case, he simply held that a dividend of five per cent., in lieu of the usual dividend of three and a half per cent., should be held to have been declared out of the common profits, and belonged to the legatee for life.   He, for the first time, alluded to the fact, that such corporations had a fund consisting of profits made in a course of years, which might be held to be part of the principal, and would not, when divided, go to the tenant for life.

Vice-Chancellor Shadwell, in *Price* v. *Anderson*, 15 *Sim.* 473, held that a *dividend* of twelve and a half per cent., declared as *dividend* out of the profits of the Royal Exchange Assurance Company, went to the life tenant; this was a dividend above the usual dividend of two and a half per cent. declared at the same time.   A *bonus* of five per cent., declared as such by the same company out of their *accumulated profits* six years before, in 1840, being two years after the testator's death, had been invested as capital under the direction of the Vice-Chancellor, so far as appears, without any controversy.   The decision seemed to turn on the point, that the company had declared it as dividend.   The Vice-Chancellor says: "The company might have declared, if they had thought proper so to do, that part of it should be dividend, and part capital.   But, instead of doing so, they have declared the whole to be dividend, and therefore the tenant for life is entitled to the whole."

The same Vice-Chancellor, in *Preston* v. *Melville*, 16 *Sim.* 163, held that the life tenant was entitled to a *bonus* of one per cent., declared *as a bonus* by the Bank of England, *out of the interest and profits*, in addition to the half yearly dividend of three and a half per cent. declared at the same time.

Sir Knight Bruce, two years afterward, in *Johnson* v. *Johnson*, 15 *Jur.* 714, (5 *E. L. & Eq. R.* 164,) held that "a *bonus* or increased dividend of ten per cent.," in addition to the usual dividend of five per cent., and declared in these words, should go to the widow to whom the testator had bequeathed the income for her life.

Chief Justice Lewis, in *Earp's Appeal*, 4 *Casey* (28 *Penn.*) 368, considered the whole matter fully, and settled the law in Pennsylvania on this subject, in an opinion prepared with great ability, on what appears to me to be the correct principles to be applied in all such cases.

The doctrine of that case has been also adopted by the Supreme Court of the state of New York in two well considered cases, in which both parts of it were applied. The whole of the real profits are ordered paid to the tenants for life; and that part of the profits declared as dividend, which was earned before the investment, or in the life of the testator, was preserved as capital. And the form in which the dividend was declared, whether of capital stock or in money, was held immaterial.

The principle upon which these cases are decided I hold to be the correct one, by which I must be guided in preference to the early English decisions. That principle is, that where trust funds, of which the income, interest, or profits are given to one person for life, and the principal bequeathed over upon the death of the life tenant, are invested either by the trustees, or at the death of the testator, in stock or shares of an incorporated company, the value of which consists in part of an accumulated surplus or undivided earnings laid up by the company, as is frequently the case, such additional value is part of the capital; that this, as well as

the par value of the shares, must be kept by the trustee intact for the benefit of the remainder-man; but the earnings on such capital, as well as upon the par value of the shares, belongs to the life tenant. And when an extra dividend is declared out of the earnings or profits of the company, such extra dividend belongs to the life tenant, unless part of it was earnings carried to account of accumulated profits or surplus earnings at the death of the testator, or at the time of the investment if made since his death, in which case so much must be considered as part of the capital.

As the facts do not appear in this case, let it be referred to a master to ascertain and report what amount of surplus earnings or accumulated profits each of these two companies had at the death of the testator, if any, and what amount each of them had at the filing of. this bill. If the per cent. of accumulated profits held by each at the filing of the bill, was equal to the per cent. held at death of the testator, the complainant, Mrs. Van Doren, will be entitled to the whole of the extra dividend received by the defendant; if not, so much of the extra dividend as will make the original stock and the present surplus equal to the stock and surplus at the death of the testator, must be retained; the excess must be paid to Mrs. Van Doren.