## Eager's Guardian, et al. v. Pollard, et al.

(Decided March 24, 1922.)

Appeal from Lee Circuit Court.

1. Mines and Minerals—Sale of.—Minerals in land are real estate and can be sold in place separately from the surface, and separate and distinct estates in the land are thereby created.

2. Mines and Minerals—Royalties—Income.—Royalties derived from oil wells opened upon land after the death of the owner and not in pursuance of a contract executed by him are usually considered as a part of the corpus and not as income between life tenants and remaindermen, but when opened in pursuance of an express or implied power conferred by his will they are not distinguishable from those opened after his death in pursuance of his contract and royalties derived therefrom are considered as income, unless the will provides otherwise.

3. Mines and Minerals—Royalties as Part of Corpus.—Where the will provides that the proceeds derived by the trustee from the exercise of the power to sell shall be invested in good securities and only the income therefrom distributed during the trust period, royalties derived as part consideration of a sale of the minerals in land are held to be part of the corpus and not income.

4. Trusts—Money as Forfeit Becomes 'Part of Corpus.—Money received as a forfeit by the trustee from an option to buy which was not exercised treated as part of the corpus of the trust estate, rather that income therefrom.

FRANK E. DAUGHERTY and JOHN A. FULTON for appellants.

ROBERT & PENDERGRASS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

This is an action to construe the will of T. T. Roberts, deceased, and the only question raised upon this appeal is whether certain funds in the hands of O. H. Pollard, trustee under the will, are distributable as income or constitute a part of the corpus of the trust estate.

The trust estate at the beginning consisted of about 800 acres of land in Lee county, and probably other lands with which we are not now concerned, and the will in explicit terms gives the trustee power to sell and convey same whenever in his judgment it is expedient to do so.

The amount and source of the funds involved are not otherwise explained than as set forth in the petition, to-wit:

"Plaintiff says that by virtue of the authority and acting under the authority and powers granted him in said will he has sold and conveyed all the oil and gas excepting the royalty hereinafter mentioned in, on and under the land hereinabove described, and as a consideration for said sale he received the sum of fifty-six hundred thirty-seven ($5,637.50) dollars and fifty cents: That by the terms of conveyance it was further provided that said property should be developed by drilling

thereon for oil and gas and that the plaintiff should receive as a part of the consideration for said sale the additional sum ⅛ of all the oil produced and saved from tracts of land to be delivered free of cost into tanks and pipe lines to which wells might be connected.

"Plaintiff says that prior to said sale he entered into a drilling contract whereby in consideration of $640.00 paid plaintiff he sold the privilege of drilling for oil and gas upon said property for a stipulated period which said contract was subsequently forfeited to plaintiff as trustee."

As to the first sum, $5,637.50, being a part of the corpus of the trust estate rather than income therefrom there does not seem to us any doubt. We uniformly have held that minerals in land are real estate and can be sold in place separately from the surface and that separate and distinct estates in the land are thereby created. Kennedy v. Hicks, 180 Ky. 563, 203 S. W. 318; Crain v. West, 191 Ky. 1, 229 S. W. 51.

According to the undenied allegations of the petition this sum was derived by the trustee from such a sale made by him in the exercise of the power vested in him by the will. That the consideration therefor was in part oil to be delivered by the grantee after same had been extracted from the land, rather than money, does not alter the fact that the sums thus realized are proceeds of a sale of part of the land rather than income derived from its use merely. Royalties derived from oil wells opened up upon land after the death of the owner and not in pursuance of a contract executed by him, usually are considered as part of the corpus of the estate and not as income therefrom as between life tenants and the remaindermen. Crain v. West, *supra;* Meredith v. Meredith, 193 Ky. 192.

Mineral wells that are opened up after the death of the fee owner, but in pursuance of an express or implied power conferred by his will are not distinguishable from those opened after his death in pursuance of a contract, and in several such cases royalties realized therefrom very properly, it seems to us, have been held in other jurisdictions to be income. See Thornton on Oil & Gas, vol. 1, section 301, and cases there cited.

But this could not result of course where the testator by the will conferring the power provided otherwise with reference to the disposition of the funds derived thereunder.

In the will here it is expressly provided that the proceeds derived by the trustee from the exercise of the power of disposition conferred upon him ''shall be invested by my said trustee in some good interest bearing securities'' and only the income therefrom paid to the *cestuis que trust* during the trust period. Hence we conclude the chancellor, in construing this will, did not err in holding that this sum and royalties hereafter to be received are part of the corpus of the estate rather than income derived therefrom.

As to the item of $640.00, we do not feel quite so confident although it seems reasonably clear that money derived from an option to take oil from the land which was never exercised, can not be distinguished from other money that would have been received as royalties from the same transaction if the option had been exercised. It is not stated in the petition that the privilege to drill for oil from which the $640.00 was realized was but a part of a contract of sale of the oil in place, whether in form a deed or lease, but presumably this is true, and that such it was is the only reasonable inference from what is stated, and we shall so consider it. The $640.00 is therefore money derived from a contract for a sale rather for a mere rental of a part of the land. It is true of course, as appellants urge, that no part of the land was parted with in the transaction, but it is also true that no part of the land was used either. The money was simply forfeited to the trust estate, but as it came from a contract for a sale rather than for a rental of the land it at least would have been a part of the proceeds of a sale and of the corpus of the estate if the contract under which it was paid to the trustee had been fully executed. The fact the sale was never consummated as contemplated at the time and for which the money was paid to the trustee does not seem sufficient to change the character of the transaction or the proceeds derived therefrom.

Counsel state their inability to find any authority upon this question, and we likewise have been unable to do so, although it would seem the question must have arisen many times.

We conclude, however, that the $640.00 like the larger sum in the hands of the trustee, is a part of the corpus of the trust estate and that the *cestuis que trust* are not entitled to any part thereof until the expiration of the

trust period and during that period to the income only that may be derived therefrom. The judgment of the chancellor, being in accordance with these conclusions, is affirmed.