### ADA C. McCOY

*v.*

### RICHARD D. McCLOSKEY.

[Decided May 19th, 1922.]

1. A bequest of corporate stock to trustee to collect all dividends, incomes and profits declared and paid on the stock, and to pay the same to testator's wife so long as she remained unmarried and thereafter to her children, does not include all the income and profits from the stock, but only the dividends declared by the corporation.

2. The book value of the assets of a corporation is not the true value, but only evidence of the value of its assets which determine the value of its stock.

3. The inhancement in value of the assets of a corporation is *corpus*, not income, for the purpose of determining the rights of parties under a trust.

4. Where a corporation, the majority of whose stock was held under a testamentary trust, was dissolved, as permitted by the will, and a purchase-money mortgage taken for a portion of the assets sold, for which the trustees issued participation certificates to the former stockholders, the increase in value of the mortgaged assets, after they had been surrendered to the trustees by the purchaser and mortgagor in foreclosure proceedings, is to be considered a part of the *corpus*, not income, except in so far as necessary to pay the delinquent interest.

5. If the mortgage referred to was merged in the legal title to the property, then, upon a sale at a profit, the person entitled to the income from the fund will be entitled to participate in the profits proportionately as her share of the accrued interest at the time of the merger bears to the principal debt. *Parker* v. *Seeley, 56 N. J. Eq. 110*, approved and followed.

On bill to construe a will.

*Messrs. Lum. Tamblyn & Colyer (Mr. Ralph Lum),* for the complainant.

*Mr. Elmer E. Wigg* and *Mr. Abraham H. Cornish,* for the defendant.

BACKES, V. C.

This bill was filed by the widow of Edward A. McCoy, deceased, to have his will construed and her rights thereunder declared. The principal asset of his estate was two hundred and ninety shares of five hundred shares of the capital stock of J. B. McCoy & Sons, a New York corporation, which, by the fifth paragraph of his will, he gave to three trustees to hold during the lives of his two children and the survivor of them, unless the trust should sooner be terminated by the dissolution of the corporation or the sale of the stock, in trust, for the following uses and purposes, viz.:

"To collect and receive all dividends, income and profits which may be declared and paid upon said shares of stock during the continuance of this trust and to pay and apply the same as follows:

"(*a*) The income and profits upon two hundred and fifty-five shares thereof to my wife, Ada C. McCoy, so long as she shall remain unmarried, and in the event of her remarriage, during the term of this trust, said income and profits shall thereafter be divided into two equal parts and one of said parts shall be paid to my said wife, Ada C. McCoy, and the other of said parts shall be paid in equal shares to my said children, Mary Catherine McCoy and Frances McCoy."

Then follows provision for the disposition of the income upon the death of the widow, and of either of the children. The income of the remaining thirty-five shares of stock was given to the testator's two sisters. The trustees were given discretionary power to sell the stock or to dissolve the corporation and liquidate its affairs, and upon the happening of either event, the trust was to terminate "and the proceeds which may be received by my trustees by reason of such sale, or by reason of such dissolution or liquidation upon the two hundred and fifty-five shares of such stock," were to be held in trust under the provision of paragraph 6 of the will, wherein he gave to his trustees all the residue of his estate, "including the proceeds when received upon the two hundred and fifty-five shares of said capital stock of J. B. McCoy & Son," in trust during the lives of his two children for the following uses and purposes: "To invest and reinvest the same and to collect and receive all the rents, income, issues and profits therefrom, and to pay and apply the same in manner following:"

The disposition of the income of this second trust is the same as the first. Provision is also made for the disposition of the *corpus* upon the death of the surviving child. The testator died January 24th, 1916. The trustees carried on the business of the corporation until the first of January, 1920, when they began to liquidate its affairs, and shortly afterwards effected a dissolution. During the administration of the first trust, the corporation earned $71,233.17 and declared and paid dividends amounting to $75,000, thus invading the capital to the sum of $3,766.83, and upon the

dissolution, declared and paid liquidation dividends amounting to $200,000, and has on hand to be distributed $27,188.67. The capital stock of the company issued and outstanding was $50,000 of the par value of $100 each. At the death of Mr. McCoy, the book value of the corporation's assets was $196,965; a book value per share of $393.93. The widow claims that the difference between the book value of $196,965 and the liquidation receipts of $227,188.67 constitutes income and profits within the meaning of the will, and that she is entitled to two hundred and fifty-five five hundredths of it. I do not think so. Under the first trust the gift of the income and profits of the trust is limited by its terms to dividends, income and profits "which may be declared and paid" upon the shares of stock of the McCoy company. In *Howell* v. *Westbrook, 69 N. J. Eq. 641,* the bequest was of the interest on forty-six shares of bank stock, "to pay the said interest to my wife, Lydia, as the same shall be declared by said bank," and Vice-Chancellor Stevens held the gift to be the dividends as they were declared. This adjudication seems to me to be dispositive of the contention. But it is argued that the language of the will imports an intention of the testator that his widow should get not only the dividends declared and paid by the corporation, but the actual income and profits, and, as already indicated, that such income and profits embrace all that was realized on the assets of the corporation in excess of their book value at the death of the testator. I am quite willing to concede that equity would give her the operating profits, though they had not been declared and paid by the board of directors, had they been unjustly withheld, but I cannot give assent to the proposition that the sale value of the assets in excess of the book value is income and profit. One of the fallacies of this proposition lies in the arbitrary assumption that the book value was the true value of the assets of the company, whereas it is only evidence of the value, as pointed out by Vice-Chancellor Emery in *Lang* v. *Lang, 56 N. J. Eq. 603.* But if the book value at the death of the testator was the true value of the assets at that time, the advance realized by their

sale, three or four years later, must have been due solely to their enhancement in value (the accumulations during that time had been divided), and under the authorities, where a testator's estate consists of capital stock in incorporated companies, the income whereof is given to one and the stock to another, the appreciation in value is held to be *corpus* not income. *VanDoren* v. *Olden, 19 N. J. Eq. 176; Ashurst* v. *Field, 26 N. J. Eq. 1; Van Blarcom* v. *Dager, 31 N. J. Eq. 783; Outcalt* v. *Appleby, 36 N. J. Eq. 73; Pratt* v. *Douglas, 38 N. J. Eq. 516; Lang* v. *Lang, 56 N. J. Eq. 603; 57 N. J. Eq. 325; Brown* v. *Brown, 72 N. J. Eq. 667; Day* v. *Faulks, 79 N. J. Eq. 66,* and *McCracken* v. *Gulick, 112 Atl. Rep. 317.*

There is no obscurity in the testamentary scheme. During the period of the first trust the widow was to receive two hundred and fifty-five two hundred ninetieths of the income and profits derived from the operation of the business of the corporation. The *corpus* of the estate, represented by the holdings in the corporation, was to remain unimpaired, and when that trust came to an end, by the sale of the stock or the dissolution of the corporation, the proceeds were to pass to and become the *corpus* of the second trust, of which the widow was to receive the rents, income, issues and profits in the same proportion.

The only other question is this: A $60,000 purchase-money mortgage was taken by the corporation in payment of some of its assets. This mortgage formed a part of the $200,000 liquidation dividend and was divided by issuing participation certificates to the stockholders, of which the trustees obtained their share. Upon default in the payment of one year's interest, foreclosure proceedings were begun, and pending the suit, the mortgaged premises were surrendered and conveyed by the mortgagor to an appointee of the participation certificate holders. The evidence indicates that the property has since greatly increased in value, and the widow claims that the increase is income and profits, under the terms of the second trust, and that she is entitled to a

proportionate share. The realization of any increase is, at this time, prospective and speculative, as the asset has not as yet been converted into money. When it is, the proceeds will be principal of the trust, under the ruling just announced, subject to the payment of the interest on the mortgage. If, however, the mortgage is to be regarded as merged in the legal title (the understanding as to this has not been made clear), then, upon a sale at a profit, the widow will be entitled to participate in the profits, proportionately, as her share of the accrued interest at the time of the merger bears to the principal debt. *Parker* v. *Seeley, 56 N. J. Eq. 110.*