In this case the complainants, who are life tenants, seek a part of the $200,000 proceeds of sale of two hundred shares of common stock of Irvington Varnish and Insulator Company as income.
These shares were part of the estate of Carl Berger, who died in 1920. In his will Berger directed payment of his debts and specific devises and bequests, and then said that all the rest, residue and remainder of his estate, "including my stock, both common and preferred, in said Irvington *Page 170 
Varnish and Insulator Company," be given to his executors and trustees in trust. He divided the corpus into two equal funds for his two children, with directions "to invest, reinvest and keep invested each of said funds in good and safe securities, retaining, so long as may be deemed advisable the stock, both common and preferred, above named, hereby fully protecting said trustee and each of them against any and all personal liability whatsoever, by virtue of such retention," then to pay the net income from the fund to his children for life. In paragraph seven of his will he suggests "none of my common stock in the Irvington Varnish and Insulator Company shall be sold or disposed of, unless, in the unanimous judgment of my executors and trustees, the survivors or survivor of them it is essential to the best interests of my estate to sell and dispose of the same."
From the time of testator's death on June 15th, 1920, to the date of the sale on March 10th, 1922, the common stock paid no dividends.
The complainants, children of the testator, insist that they are entitled to part of the $200,000 as income, because they received no dividends on the common stock from the testator's death to the date of the sale.
The executors and trustees insist that the entire $200,000 iscorpus.
It should be noted that there is no direction by the testator to convert, nor did his will contemplate immediate conversion of the common stock on his death into any other form of investment.
The rule in these cases is laid down in 1 Lew. Trusts 303, as follows:
"Where at the death of the testator the property is not in the state in which it is directed to be, the tenant for life is, before the conversion, entitled to a reasonable fruit of the property from the death of the testator to the time of conversion, whether made in the course of the year or subsequently."
Complainant has cited several cases. Lawrence v.Littlefield, 215 N.Y. 561. *Page 171 
 Edwards v. Edwards, 183 Mass. 581, c., which, he contends, bear out his insistment that this money should be prorated as tocorpus and income.
These cases, it seems to me, hold that an apportionment shall be made between life tenant and remaindermen when there is an imperative direction to sell, or where the terms of the will worked a conversion as of the time of the testator's death.
In the case at bar, Mr. Berger did not direct the immediate sale of his stock, but provided, on the contrary, that the executors should retain the common and preferred stock as long as they might deem it advisable.
In Martin v. Kimball, 86 N.J. Eq. 10; affirmed (Court ofErrors and Appeals), 86 N.J. Eq. 432, the court held that if there were no imperative direction to sell, and if the property was not in a state other than that in which it was contemplated to be at the time of the testator's death, the life tenant was not entitled to any share of the proceeds of the sale as income.
See, also, case of Outcalt v. Appleby, 36 N.J. Eq. 73. In this case the residuary estate was left in trust and a delay ensued in selling part of the unproductive property. When the sale was finally made, the life tenants claimed a share as income. The court said: "The third proposition is, that the appreciation in value of the unproductive property held by the trustees in the exercise of their discretion, with a view to getting a satisfactory price therefor, shall be regarded as income and not as part of the corpus of the trust estate. There is nothing in the will to authorize the making of such a decree, and sound principle forbids it. The unproductive property constitutes part of the trust estate to be managed, and the whole estate is to be husbanded for the benefit of all the beneficiaries, the remaindermen as well as the life tenants. The trustees are vested with a discretion as to the time when the conversion of the property, unproductive as well as productive, into money is to take place, and the life tenants are no more entitled to have the appreciation in value of the one than of the other description of property regarded as income. The appreciation in either case is part of the corpus. *Page 172 
In McCoy v. McCloskey, 94 N.J. Eq. 60, the court holds that where a testator's estate consists of capital stock in an incorporated company, the income whereof is given to one and the stock to another, the appreciation in value is corpus and not income.
I shall therefore find that the entire $200,000 should be treated as corpus, and should not be distributed as income andcorpus.