The above-entitled cause was heard by late Vice-Chancellor John Griffin, who, considering that before reaching any conclusion regarding the funds to which the defendant Lillian Sanford McClurg became entitled upon attaining the age of fifty years, under the last will and testament of her *Page 56 
father, Walter Marshall Chadwick, deceased, it was necessary that it first be determined whether certain stock dividends declared upon shares of stock purchased and held by the complainants as a trust fund established by them in said defendants' behalf were made out of earnings by the corporations issuing such shares prior to the date said trust fund was established, or subsequent thereto, and if declared out of earnings partly prior and partly subsequent thereto, the amount or amounts included in each of said parts, by order bearing date April 1st, 1924, referred said matter to a special master for investigation and report. The report of the special master was filed February 25th, 1927. Exceptions thereto were filed September 13th, 1927, the complainants' solicitors having consented to the filing thereof as within time, which appears by consent in writing endorsed thereon. The cause was re-referred to me for consideration and decision upon the proofs submitted before the said late vice-chancellor. I am of the opinion that the subject-matter of the aforesaid order of reference, and the report of the special master thereon, is not pertinent to the matter in controversy between the complainants and said defendant, yet, notwithstanding, in order that the record may show a disposition of the aforesaid exceptions, I deem it expedient to advise an order that such exceptions be overruled, and I hereby so advise.
The testator died December 26th, 1919; his last will and testament, bearing date October 11th, 1913, was probated by the surrogate of Hudson county, and the complainants qualified as executors and trustees thereunder. The complainants, as trustees under the aforesaid last will and testament, were required to set aside and invest the sum of $25,000 for the benefit of the testator's aforesaid daughter. Such requirement is contained in paragraph 4 of said instrument, and reads as follows: "I also order and direct that my trustees shall set aside and invest twenty-five thousand [$25,000] dollars, the income from which shall be set aside and accumulated until my said daughter reaches the age of fifty years, when said sum and all accumulations of income shall be paid to her." In accordance therewith the complainants set aside the sum of $25,000 and invested same in certain *Page 57 
shares of corporate stock mentioned in the bill of complaint. The shares thus acquired were augmented by stock dividends thereon. The testator's aforesaid daughter was born on January 11th, 1873, and attained the age of fifty years on January 11th, 1923. By letter of March 23d 1923, she made demand upon the complainants, as executors and trustees aforesaid, that they turn over to her the securities comprising the trust fund aforesaid, claiming she was entitled thereto under the above quoted testamentary provision. Complainants, by their bill of complaint filed July 2d 1923, seeking a construction of the testamentary provision aforesaid, aver they are in doubt as to the meaning of such provision, are advised by counsel that such provision is capable of either one of two constructions, to wit: (a) That said Lillian Sanford McClurg is entitled to receive the sum of twenty-five thousand ($25,000) dollars in cash with all accumulations of income thereon; or (b) that the said Lillian Sanford McClurge is entitled to receive the securities that complainants now hold in the said special trust fund, and the market value of which exceeds the sum of twenty-five thousand ($25,000) dollars, and aver also that should they comply with the demand of said defendant and turn over to her the securities aforesaid, they may be subjected to a claim by the residuary legatee, Walter Chadwick McClurg, for the difference in the market value of said securities and the sum of twenty-five thousand ($25,000) dollars, and pray that this court adjudge and decree — (a) That the defendant Lillian Sanford McClurg, by reason of her having reached the age of fifty years, is entitled to receive the sum of twenty-five thousand ($25,000) dollars, and all accumulations of income thereon; or in the alternative — (b) that the defendant Lillian Sanford McClurg, by reason of having attained the age of fifty years, shall be entitled to receive from the complainants, as executors and trustees under the last will and testament of Walter Marshall Chadwick, the securities and accumulations of income thereon, which have been set aside in a special trust fund to meet the directions of the testator in said will. *Page 58 
In the memorandum-brief, which the solicitors of the complainants submitted to me on March 29th, 1928, they urge that it was the intent of the testator that his daughter upon reaching her fiftieth birthday should receive the securities purchased with the $25,000 and such accumulations of income as accrued thereon when the time matured for her to receive the same, and that it was not the intent of the testator that she should receive the sum of $25,000 besides the income, regardless of whether the securities purchased and set aside by the trustees appreciated or depreciated in value.
The proofs disclose that the complainants, on December 20th, 1926, sold all of the shares of corporate stock which they held in the aforesaid trust fund at an appreciation in value.
The case sub judice is distinguishable from Van Doren v.Olden, 19 N.J. Eq. 176, and similar cases cited by the solicitors of the complainants. The cited cases are applicable to instances where a fund is held in trust for one person for life and for another in remainder. If the shares of stock comprising the trust fund held by the complainants were left by the testator as part of his estate, the income thereof bequeathed to the defendant for life, and the shares of stock to another, it might reasonably be urged that any appreciation in value of the shares would be regarded as corpus, and not income (McCoy v.McCloskey, 94 N.J. Eq. 60, and cases cited; Smith v. Dana,77 Conn. 543; 60 Atl. Rep. 117, 119; 69 L.R.A. 76; Boardman v.Mansfield, 79 Conn. 634; 66 Atl. Rep. 169), and if a stock dividend were declared on the shares so bequeathed, the new stock representing more than the accumulated profits or surplus earnings at the death of the testator, the general rule of law stated in Earp's Appeal, 28 Pa. St. 368, and followed in VanDoren v. Olden, supra, which has never been questioned in this state, might be regarded as applicable. Such, however, is not the case sub judice. The receipt of a stock dividend, which manifestly can only be declared out of accumulated surplus or net profits, does not enrich a shareholder. It merely signifies that the shareholder, upon receipt thereof, has more shares of the capital stock of the corporation, but his proportionate *Page 59 
interest in identically the same corporate assets remains unchanged. The nominal or par value of a share of corporate stock is no indication of its actual value. Expressed otherwise, a share of corporate stock signifies an aliquot part of the corporation's property, and is but evidence of the right of the owner thereof to share in the proceeds of such property.
It appears to me that the words "said sum" and "paid" were inaptly used in the collocation of words in the testamentary provision above quoted. The testator's intention, in my judgment, was that his daughter, upon attaining the age of fifty years, should receive not only the special trust fund established by the trustees for her benefit by means of the investment of $25,000 which they set aside as directed, but also all accessions thereto in whatsoever manner realized.
As indicated hereinabove, I am of the opinion that the defendant Lillian Sanford McClurg, upon attaining the age of fifty years, to wit, on January 11th, 1923, was entitled to receive from the complainants, as executors and trustees of the last will and testament of Walter Marshall Chadwick, the shares of corporate stock purchased by them with the sum of $25,000, which they set aside in accordance with the direction of the testator for the establishment of a special trust fund for the benefit, together with all accessions thereto, be the same cash dividends, stock dividends, interest on bank balances, profit on investments made of interest and dividend moneys accumulated in said fund, or howsoever realized, and that she is now entitled to receive from the complainants all of the moneys in the aforesaid fund. I will advise a decree accordingly. *Page 60