In the matter of the estate of PETER FISHER, deceased.

[Submitted October term, 1933.    Decided February 2d, 1934.]

*Mr. Thomas Cantillo* and *Mr. Ernest Scuorzo* (*Mr. Carl Abruzzese,* of counsel), for the appellant.

*Mr. Warren R. Schenck,* for the respondents Edwin A. Fisher, Douglas J. Fisher and the National Bank of New Jersey, trustees and accountants.

*Mr. Charles R. Rose* (*Mr. Freeman Woodbridge,* of counsel), for the respondents Charles M. Fisher and Lillian F. Ten Broeck.

PER CURIAM.

This is an appeal from two decrees of the prerogative court, the first of which affirmed the order of the Middlesex county

orphans court dismissing the petition of Richard B. Fisher for a resettlement of several intermediate accounts of the trustees of the estate of Peter Fisher, deceased, and the second affirming the order of the Middlesex county orphans court allowing the latest intermediate account of the same trustees.

Richard B. Fisher, the appellant, was one of the beneficiaries named in the will and by his first petition of appeal, of January 14th, 1930, prayed a resettlement and restatement of intermediary accounts of the testamentary trustees, which had been approved by the orphans court in 1913, 1916 and 1921, respectively.

The Middlesex county orphans court, on September 13th, 1929, dismissed the appellant's petition challenging these accounts and the prerogative court affirmed, and also allowed the respondents-trustees and the respondents costs and counsel fees to be paid out of the estate.

The appellant now urges that the prerogative court erred in affirming the decree of the orphans court which denied the appellant a resettlement of these intermediate accounts, and claims that there was proof of mistake in the accounting and distribution which resulted in the appellant being deprived of his property without due process of law and, further, that costs and counsel fees should not have been allowed. The substance of the mistake, since fraud is not charged, is that in their several intermediate accountings, the trustees charged themselves with the receipt of three hundred and fifty shares of stock (representing a stock dividend declared in 1913) which they allocated to the *corpus* of the estate, the appellant claiming that the said shares should have been treated as income and apportioned between the life tenants and the remaindermen. It is generally true that extraordinary dividends that come to the hands of a trustee "either in cash or otherwise * * * should generally be apportioned between the life beneficiary and remaindermen. *Lang's Ex'r* v. *Lang, 56 N. J. Eq. 603; Day* v. *Faulks, 79 N. J. Eq. 66.*" But this rule does not obtain where the testamentary trustees, as here, acted otherwise, in accordance with the plain intent of the testator.

The will, by its second paragraph, gave to the executors all of the stock in this corporation, owned by or to which the testator was entitled, "and such additional shares of stock as may thereafter be issued by said company," with direction to the executors and trustees to vote said shares of stock, and directing the distribution of dividends to the persons named in the will.

The fourteenth paragraph of the will authorized the executors to sell the real and personal property (particularly including said stock) and to invest the proceeds in the manner directed by the testator.

The appellant, Richard B. Fisher, receives the income of his share for and during his lifetime with remainder over to other persons. It is unnecessary to consider the power of the orphans court to rectify a mistake after an account has been approved or whether these accounts acquire immunity from attack because they had been approved and unchallenged for so many years. There was no mistake. The account plainly stated that the new shares, so called, had been placed into the *corpus* of the estate. Fraud is not charged and we agree with the finding of the orphans court and the prerogative court that the testator intended that such additional shares of stock, to which he might thereafter have become entitled, should be allocated to *corpus* and not be treated as income. It was adjudicated in the orphans and prerogative courts that no mistake was proven. The evidence was ample to justify this conclusion and the appeal from the decree dismissing the petition of Richard B. Fisher for a resettlement and restatement of the intermediary accounts is without merit and the finding of the prerogative court, as set forth in its decree, will be affirmed.

The second decree appealed from is one made by the prerogative court on May 26th, 1932, which affirmed the decree of the orphans court of Middlesex county, entered on October 18th, 1929, dismissing the exceptions filed to the account of the trustees, of July, 1928. There were ten exceptions. As was stated by the learned vice-ordinary in the court below, the first five exceptions are merely formal. Some were aban-

doned in the prerogative court. None claims any damage, prejudice or injury to the appellant. They were deemed to be without merit by the vice-ordinary, and with this conclusion we are in accord.

Two of the remaining exceptions amount to this: Certain stocks in the hands of the trustees were, in accordance with the direction of the will, sold. The trustees accounted for the amount received by them from such sale. The exceptant charges that the accounting should show the expenses and commissions involved in consummating the sale, notwithstanding the fact that the trustees had nothing to do with these items. There is no challenge to the *bona fides* of the transaction nor is it urged that the price was inadequate. These exceptions are without merit. Mere curiosity is not a good ground for excepting to an account.

The remaining exceptions are not well taken, the claim being that the appreciation in the securities, between the inventory and the sales price, should be allocated to income and not to *corpus*. The intent of the testator, expressed in the will, is to the contrary. We agree with the vice-ordinary who said, "whether stock dividends or extraordinary dividends or increase in value on sale or other liquidation are to be deemed (in whole or in part) income payable to the life tenant instead of *corpus,* the controlling factor is always the intent of the testator as expressed in the will. *McCracken* v. *Gulick, 92 N. J. Eq. 214* (at *p. 216*); *112 Atl. Rep. 317; McCoy* v. *McCloskey, 94 N. J. Eq. 60* (at *p. 63*); *117 Atl. Rep. 473; Hagedorn* v. *Arens, 106 N. J. Eq. 377* (at *p. 379*); *150 Atl. Rep. 4; Union County Traction Co.* v. *Gray, 110 N. J. Eq. 270* (at *p. 273*); *159 Atl. Rep. 625* (at *p. 629*)."

Here the will clearly provided that the "dividends and increase in value of the stock in question are to be deemed and treated as *corpus* and that the life tenants are to receive only the ordinary dividends declared on the stock; * * *. *McCoy* v. *McCloskey, supra.*"

The point is also made that the court was without power to allow costs and counsel fee and, further, that the amount of the allowance was extravagant. The prerogative court has

jurisdiction in probate matters to allow counsel fee. *McCurdy v. Neall, 42 N. J. Eq. 333; In re Hill, 55 N. J. Eq. 764; Bioren v. Nesler, 76 N. J. Eq. 576; Hollinger v. Syms, 37 N. J. Eq. 221; In re Eddy, 32 N. J. Eq. 701, 708.* Counsel fees may be allowed where the court has jurisdiction over the fund or estate. Here the decree of the prerogative court affected and, so far as that court was concerned, disposed of the fund which was the subject-matter of the appeal. The disposition in that court of the fund was for the benefit of all except, of course, the appellant, who was unsuccessful and in these circumstances the allowance of counsel fee has been sanctioned. *Munn's Ex'r v. Munn, 20 N. J. Eq. 472.*

As to the point that the fees allowed were excessive, there is nothing before us to substantiate that statement. We have nothing on which to form any opinion as to the quantity or quality of the work performed by counsel, and in the absence of anything to the contrary we must assume that the vice-ordinary made allowances that were proper under all the circumstances of the case.

The decrees of the prerogative court affirming the decrees of the Middlesex orphans court will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ.   14.

*For reversal*—None.