## WESTERFELD et al. v. REED.

### No. 10083.

Court of Civil Appeals of Texas. San Antonio.

June 23, 1937.

C. C. Westerfeld, of Dallas, and O. Kennedy, of Beeville, for appellants.

L. D. Stroud and Wade & Wade, all of Beeville, for appellee.

SMITH, Chief Justice.

In 1929, appellee, Mrs. Nora Reed, and her husband and two grown sons rented a part of the home of C. W. Westerfeld, a nearly eighty year old bachelor, residing, theretofore alone, in Beeville. The Reeds paid $12.50 a month to Westerfeld as rent. Reed died on June 10, 1932, and Mrs. Reed and her two sons continued to live in the Westerfeld house, paying the same rent therefor, until December, 1932, when, under some sort of an arrangement between the two, Mrs. Reed was given the free use of the house theretofore occupied by her, as well as her household expenses, and she in turn cooked what little food Westerfeld ate, did his very modest washing, looked after him when he was ailing. He kept his own rooms in order, without the aid of Mrs. Reed. He died on August 8, 1934.

Mrs. Reed continued to reside on the premises, as before, and resumed payment (to some of decedent's heirs) of $12.50 per month rent on the house, for several months. She was later evicted by Westerfeld's heirs, and then brought this suit. In her petition she sought to recover title and possession of said premises, upon allegations that in 1932 the decedent promised to "will" the place to her if she in turn would remain there and keep house for him as long as he lived. She alleged performance of the agreement upon her part, and prayed for specific performance. At the conclusion of her petition for specific performance, and, upon the same allegations, Mrs. Reed prayed, "in the alternative," for "$2000.00 as upon the quantum meruit," same being the alleged value of her said services. She sued a number of named defendants, as well as "all the unknown heirs of C. W. Westerfeld, deceased," as distributees of the latter's estate, and prayed for a lien upon said estate. She recovered in a jury trial upon "the quantum meruit," in the full amount asked for, to wit, $2,000, or at the rate of $100 per month for twenty months' services rendered the decedent. The defendants below have appealed.

█ The measure of damages was sought to be established solely by the testimony of Mrs. Ridgeway, one of appellee's daughters. She testified that she visited her mother about twice a week during the period in question, and observed the character of services being rendered by appellee to Westerfeld; that appellee "washed and ironed, did his patching, made a garden every year for him, cooked for him, and kept house, and went to town for him lots of times when he wasn't able to go, and waited on him when he was sick." Appellee did not, however, take care of Westerfeld's room, which was kept locked against her. Mrs. Ridgeway did not testify that she knew from her experience, or otherwise, or had formed an opinion, of the value of appellee's services to the old man. But she was, nevertheless, permitted to testify, over appellants' timely objections, that she was not shown to be qualified, that appellee's said services "would be worth $100 per month." The ruling of the trial judge, in admitting that testimony is assigned as error by appellants. The witness was a hotel chambermaid until she married, in 1912, since which event she has been a tenant farmer's wife, doing "farm work, picking and hoeing cotton and every-

thing else," and, betimes, raising a family of six children. We are of the opinion that appellants' objection was well taken, that said witness was not shown to be qualified to give testimony of the value, in dollars and cents, of appellee's services to Westerfeld. Surely, her experience as a hotel chambermaid a quarter of a century before, and as a housewife and farm hand on a tenant farm ever since, did not afford a reasonable basis for the opinion she expressed. A witness upon such an issue must be first shown to have had opportunity to form an intelligent opinion on the subject superior to that of the jury, and it would be absurd to hold that this witness had had such opportunity. She did not testify, even, that she knew, or had formed any opinion, of the value of appellee's services, whereas, testimony of such knowledge is essential as a predicate for such evidence. It is perfectly obvious that the witness could have known no more, or even as much, of the subject as the average juror. It is equally patent that the witness' estimate of the value of appellee's services was purely conjectural, as it was obviously excessive, in view of all the other facts and circumstances of the case. It must have been highly prejudicial as well, for the jury awarded appellee $100 per month for twenty months' service.

Appellants have brought forward thirty-seven propositions of law in their brief, but few of them are presented sufficiently to entitle them to consideration, and, it is hoped, none of the questions sought to be raised will recur upon another trial.

The judgment is reversed, and the cause remanded.