**WESTERFELD et al. v. STOUT et al.**

No. 10524.

Court of Civil Appeals of Texas.
San Antonio.
April 26, 1939.

Rehearing Denied June 7, 1939.

Claude C. Westerfeld, of Dallas, and O. Kennedy, of Beeville, for appellants.

Wade & Wade and L. D. Stroud, all of Beeville, for appellees.

SMITH, Chief Justice.

Appellee, as Mrs. Nora Reed, brought this suit against C. C. Westerfeld and others, as heirs of C. W. Westerfeld, deceased, to recover for the value of twenty months' services rendered by her, as nurse and domestic servant, to said C. W. Westerfeld during his lifetime, and to establish a lien, to secure the debt, upon the assets of his estate, which she alleged, and the record shows, had been received, in bulk, by the several defendants as his heirs at law. She placed the value of her said services at $100 per month, or $2000. During the pendency of her suit she married one Stout, who has joined her in the suit. Appellees alleged and proved that there was and had been no administration upon the decedent's estate, nor any necessity therefor; that said estate had passed directly into the possession of appellants, as heirs of the decedent, and had not been partitioned among them, but that they were occupying it as tenants in common.

In a jury trial Mrs. Stout recovered judgment for $1800, or $90 per month for twenty months, with interest, and fixing a lien on certain real property of the estate. No personal judgment was rendered against the defendants. The Westerfelds have appealed.

This is the second appeal in the case. In the former trial appellee recovered judgment for $2000. That judgment was reversed by this Court. Westerfeld v. Reed, 107 S.W.2d 640. Reference is made to the opinion in that appeal for a more complete statement of the case.

Appellee sought recovery upon two alternative counts. In the first count she pleaded that she made a contract with the decedent to perform said services for him from the time of the agreement to his death, in consideration of his promise to "will" to her his dwelling house and lot. In the second count she alleged in the alternative that she performed the services for him, at his request, upon his implied promise to pay her reasonable compensation therefor, which appellee laid at $2000. At the conclusion of the trial, appellee abandoned the first count, electing to stand upon the second. The jury found, in response to special issues submitted to them, that appellee performed the services to the decedent for the period alleged, of the reasonable value of $1800, and that finding is not challenged here by appellants.

Appellants submit the appeal upon three propositions of law, in the first of which they contend that the trial judge should have directed a verdict for them upon the evidence, which, appellants insist, was unsatisfactory because consisting largely of the testimony of interested witnesses, and was "meager and contradictory, and shockingly inconsistent with the evidence as a whole." The proposition is perhaps too general to present a matter for review, but we have considered it, nevertheless, and overrule it on the merits. If we were the trier of the facts, we might be impelled to rule with appellants' contention. But we are not the trier of the facts. The law put that responsibility upon the jury in this case, and there being material evidence to support their findings, these findings were binding upon the court below, as they are upon this Court. We also overrule appellants' second proposition, that the trial court erred in not sustaining their general demurrer. Appellees' trial petition was good as against the general demurrer.

In their trial petition appellees alleged that the decedent was, and always had been, "a single man, and was possessed of an estate consisting of both real and personal property, as well as choses in action, such as vendor's lien notes, stocks and bonds, or stock certificates in corporations and other like choses in action;" that at the time of his death he "was seized and possessed of real estate in the nature of farms and ranches situated in Bee County,

Texas," and that appellants, "as heirs of the deceased, came into possession and control of deceased's whole estate of every character and location, but principally in Bee County, Texas, consisting of farms and ranches, the rents and revenues therefrom, as well as notes and other choses in action, all yielding rents and revenues as income." To those allegations appellants urged special exceptions, on the grounds that they were "immaterial" and "particularly objectionable in that they emphasize the alleged wealth of C. W. Westerfeld's estate and are therefore prejudicial." Under those allegations evidence was admitted, some over appellants' objections upon like grounds, and some without objection from appellants, showing that the estate of the decedent, which appellants had actually received by inheritance, consisted of certain properties including three certain tracts of land, upon which the court decreed a lien to secure the money judgment rendered in the case. The trial court's rulings on those pleadings, and the evidence admitted thereunder, are complained of in appellants' third proposition, which will be considered, although multifarious and too general to satisfy the rules for preserving exceptions and presenting errors on appeal.

Appellants' contentions are without merit. Under the statute and decisions the debt of an ancestor is a lien upon his estate, which the creditor may enforce through an action against the heirs to whom the estate has descended and been distributed. Art. 3314, R.S.1925; Thornton Oil & Gas, 3d Ed., § 297 et seq.; Blinn v. McDonald, 92 Tex. 604, 605, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931; Lawley v. Richardson, 101 Okl. 40, 223 P. 156, 43 A.L.R. 802; Eager's Guardian v. Pollard, 194 Ky. 276, 239 S.W. 39, 43 A.L.R. 808, and annotations.

In such suit the petition of the creditor must allege that the estate had been distributed to the heirs sued, and upon trial the petitioners must show, specifically, what property came into the hands of the heirs, to enable the court to properly decree the lien. Blinn v. McDonald, supra. The trial court therefore did not err in allowing appellees to allege and prove the constituent assets of the decedent's estate. We overrule appellants' third proposition.

The judgment is affirmed.