MARY HADLEY CASE, ʟPETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8015. Promulgated February 19, 1947.

*Waldron M. Ward, Esq.,* for the petitioner.
*John E. Mahoney, Esq.,* for the respondent.

346

[black redaction box]

## OPINION.

Kern, *Judge*: We stress at the beginning of this opinion that the questions before us here are not whether the several items constitute income properly taxable to the trust (or, in the case of the amortization of bond premiums, a deduction allowable to the trust as such), but whether the several items constitute "income which is to be distributed currently to the beneficiaries," and thus taxable to the petitioner-beneficiary rather than to the trust.[1] There is no question raised as to propriety of taxing the trust upon the short term capital gains other than whether the capital gains are currently distributable to the beneficiary or are to be added to trust corpus instead of distributed. The trustees claim no right to deduct from the gross income of the trust amounts representing amortization of bond premiums in calculating the income tax liability of the trust; the question which is raised is whether those amounts were properly treated as principal by the trustees, or were distributable to the life beneficiary.

We may agree with respondent, *arguendo*, that the general question of what constitutes taxable income in the hands of its recipient is a

---

[1] SEC. 161 [I. R. C.—1939]. IMPOSITION OF TAX.

(a) Application of Tax.—The taxes imposed by this chapter upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct;

\* \* \* \* \* \* \*

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year;

\* \* \* \* \* \* \*

[Note: The amendments to section 162 (b) of the Internal Revenue Code made by section 111 (b) and section 111 (e) of the Revenue Act of 1942 are immaterial to the issues here presented.]

question to be resolved by the Federal revenue laws, "not dependent upon or affected by provisions of state law." See *Shield Co.*, 2 T. C. 763, 768. However, the question of what part of the income of a trust is to be distributed currently by the fiduciary to beneficiaries is a question the resolution of which depends upon two considerations *aliunde* the Federal revenue laws: (1) A construction of the trust instrument under which the beneficiary is entitled to income, and (2) a construction of the state laws governing the administration of the trust or the general law of trusts. See *Florence M. Sweet*, 44 B. T. A. 871, 878; *William R. Todd*, 44 B. T. A. 776, 783; *Emma B. Maloy*, 45 B. T. A. 1104; *Irma L. Harris*, 5 T. C. 493.

Respondent points to that provision of the decedent's will setting up the testamentary trust here involved which directs that petitioner-beneficiary should be paid "the income, profits, and proceeds" of the trust property. He would have us construe this provision as requiring the payment to petitioner of all amounts realized by the trust as income and profits, whether capital gains or otherwise. This construction would be contrary to our holding in *William R. Todd, supra*, p. 783, to the effect that the phrase "net income, proceeds and profits" was equivalent to "net income"; would be contrary to the general law of trusts, see Scott on Trusts, § 233.5; and would be contrary to the law of New Jersey, *McCoy* v. *McCloskey*, 94 N. J. Eq. 60; 117 Atl. 473.

We conclude, in conformity with the authorities cited, that the phrase of the trust instrument "the income, profits and proceeds" is equivalent to the phrase "net income." Accordingly, we turn to an examination of the law of trusts to determine whether the several items here involved were currently distributable to the life beneficiary under a trust instrument requiring the distribution to her of the "net income" of the trust.

The first item is the sum of $550, which is the amount of short term capital gain realized by the trust in 1941 from the sale of U. S. Treasury notes and which was credited by the trustees to principal rather than distributed to petitioner as life beneficiary. Respondent has determined that this was income of the trust currently distributable to petitioner. In this determination respondent erred. *Florence M. Sweet, supra;* Scott on Trusts, § 233.1; *Berger* v. *Burnet*, 97 N. J. Eq. 169; 127 Atl. 160. See *Irma L. Harris, supra.*

The next item is the sum of $155.92 which the trustees in 1941 credited to principal out of interest received on certain bonds for amortization of premiums paid on these bonds. Respondent has determined that this was income of the trust currently distributable to her. In this determination respondent erred. *Emma B. Maloy, supra; Ballantine* v. *Young*, 74 N. J. Eq. 572; 70 Atl. 668.

The next item is the sum of $5,136.98 representing the net amount received by the trustees in the taxable year in connection with an option to purchase certain capital assets of the trust. The holder of the option failed to exercise his rights thereunder and the amounts paid to the trustees when the option was acquired and when the rights thereunder were surrendered were pursuant to the contract of option retained by the trust. These payments, less certain expenses, were credited by the trustees in their account to trust principal and were not distributed to petitioner-beneficiary. Respondent determined that the net amount of these payments constituted income distributable to petitioner as life beneficiary of the trust. Petitioner, on the other hand, contends that these payments were properly treated as part of the trust corpus and were not distributable as net income of the trust.

We have found few authorities which are helpful in resolving this issue. There is only one case to our knowledge in which this issue was squarely presented: *Eager* v. *Pollard*, 194 Ky. 276; 299 S. W. 39. In that case it was held that money paid to a trustee for an option to drill for oil and gas, and forfeited upon the failure to exercise the option, became a part of the trust corpus rather than income distributable to the life beneficiary. The Court, in its opinion, commented that no authority on the point was cited by counsel, or could be found by the Court. In *United States* v. *National City Bank*, 21 Fed. Supp. 791, it was held that an amount forfeited by a defaulting purchaser of real estate from a trust was taxable to the trustee rather than to the life beneficiary. There was no extended discussion, however, of the precise question which is troubling us here. The only treatise which we have found which mentions the question is Bogart, Trusts and Trustees, § 819, which, in one sentence, states the holding of *Eager* v. *Pollard*, *supra*, and cites only that case.

The case of *Emily B. Harrison*, 7 T. C. 1, is not squarely in point, since it has to do with nonproductive property of a Pennsylvania trust. In that case an amount was forfeited by a defaulting purchaser of real estate from a trust in 1937. Until 1940 that amount was regarded by the trustees as principal and was so held by them. In 1940 the Pennsylvania court having jurisdiction over the trust, relying on the authority of *Levy's Estate*, 333 Pa. 440, ordered the transfer of this amount from trust principal to income and its distribution to the beneficiaries. We held that this amount was currently distributable income of the trust, not in 1937 when the forfeiture occurred, but in 1940, when the actual distribution was ordered by the state court.

Looking at the question without regard to the authorities, it might well be argued that moneys retained by the owner of property from one who has contracted to purchase it and has defaulted on the contract, or from one who has acquired an option to purchase it and

has failed to exercise the option, retains that money in lieu of the profit normally to be anticipated by the vendor in the sale of the property subject to the contract or the option. In this respect it would be similar to a capital gain. Since capital gains are usually treated as accretions to trust principal rather than as distributable trust income, it is understandable that the few authorities which have considered the problem would hold that such payments thus forfeited to a trustee are to be treated in the administration of trusts as principal rather than as distributable income.

It is true that under the Federal revenue laws such payments are taxable to the individuals receiving them, not as capital gains, but as ordinary income. *A. M. Johnson*, 32 B. T. A. 156 (remanded without opinion, C. C. A., 7th Cir., July 23, 1937). As we pointed out in *Walter M. Hort*, 39 B. T. A. 922, that result followed from the narrow definition of capital gains in the Federal revenue laws, which, in our opinion, required that there be a transfer of property in goods before it could be said that the gain was from the sale or exchange of a capital asset. The fact, however, that payments such as those involved here do not come within the narrow definition of capital gains under the Federal revenue laws, and are, therefore, to be treated for tax purposes as ordinary income of the actual recipient, would not invalidate the law of trusts dealing with the administration of trusts and the rights of beneficiaries and obligations of trustees. It would not give the answer to the question which we have before us here, whether such payments received by a trustee are to be currently distributed to a beneficiary. There is nothing logically inconsistent in holding that a trustee is taxable upon such payments as ordinary income under the statutory provisions of the Internal Revenue Code, and yet holding that the trustee is under no obligation to distribute it as income to the beneficiary because the law governing the administration of the trust considers these payments to be so much in the nature of capital gains that they should be added to corpus and not distributed as trust income.

In the instant case the trustees, in their Federal income tax return, included the full net amount of these payments as income neither distributed nor distributable to petitioner-beneficiary. The trustees did no more than note on the return a protest against the validity of the authorities requiring their taxation on these payments as ordinary income. The question of the character of these payments as taxable income of the trustees is not before us. Our question is whether the petitioner, as beneficiary, was entitled to the payment to her as distributable trust income during 1941 of the amounts thus received by the trustees.

For the reasons above given, it is our opinion that these payments were not income of the trust to be currently distributed to petitioner, and that respondent has erred in his determination to the contrary.

Because of other adjustments made by respondent in his determination herein, which are not at issue,

*Decision will be entered under Rule 50.*

Reviewed by the Court.

ARNOLD, *J.*, dissents.