Charles W. Swingle, Jr. v. Commissioner.
Swingle v. Commissioner
Docket No. 72368.
United States Tax Court
T.C. Memo 1959-135; 1959 Tax Ct. Memo LEXIS 106; 18 T.C.M. (CCH) 594; T.C.M. (RIA) 59135; June 30, 1959
Philip G. Johnson, C.P.A., Sharp Building, Lincoln, Neb., for the petitioner. Arthur B. Bleecher, Esq., for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent has determined a deficiency in petitioner's income tax for 1953 in the amount of $131. The sole issue presented for our decision is the correctness of the respondent's action in determining that a portion of the capital losses of a testamentary trust may not be deducted by the income beneficiary in computing his taxable income. All of the facts have been stipulated and are found accordingly. Petitioner Charles W. Swingle, Jr., is a resident of Lincoln, Nebraska, and filed his income tax return for 1953 with the director at Omaha, Nebraska. Petitioner is a nephew *107 of Calvin L. Swingle, deceased, who was a resident of Lancaster County, Nebraska, and who died on July 5, 1952. The will of Calvin L. Swingle was admitted to probate in the County Court of Lancaster County, Nebraska, on August 11, 1952. The will of Calvin L. Swingle created two trusts, hereinafter designated Trust A and Trust B. According to the terms of Trust A, the decedent's widow, Alma Swingle, possessed the right to receive the net income of the trust for life and the power to invade the corpus of the trust with respect to certain specified property. In addition, Alma Swingle was given the power to appoint the corpus of Trust A by will. In the event that Alma Swingle should die without making a testamentary appointment of the corpus of Trust A, the property comprising the principal of Trust A was to become part of the corpus of Trust B. Under the provisions of the will of Calvin L. Swingle, his widow was to receive the income derived from Trust B for life. Upon the death of Alma Swingle, the income of Trust B was to be distributed to certain named beneficiaries, the nephews and nieces of the decedent, of whom petitioner Charles W. Swingle, Jr., was one. The remainder interests *108 in Trust B were to be distributed to the designated income beneficiaries upon their attainment of age 30. On August 7, 1953, a final distribution of the assets of the estate of Calvin L. Swingle was made pursuant to the order of the County Court of Lancaster County, Nebraska. Among the assets distributed was a 23 per cent limited partnership interest in C. W. Swingle & Company, Ltd., the business of which consisted of rendering inedibles. Pursuant to the order of the County Court of Lancaster County, Nebraska, a 30,000/65,780th part of the 23 per cent partnership interest in C. W. Swingle & Company, Ltd., was distributed to Trust A, and a 35,780/65,780th part of the partnership interest was distributed to Trust B. On August 26, 1953, Alma Swingle and the trustee of Trusts A and B executed a contract pursuant to which it was provided that the 30,000/65,780th part of the foregoing partnership interest in C. W. Swingle & Company, Ltd. (included as part of the corpus of Trust A), was to be transferred to Trust B. Although a distribution of cash in the amount of $414.36 was made by the partnership to the trusts in 1953, no distribution of profits, as such, was made by the partnership *109 to the trust during that year. On its partnership return for 1953, C. W. Swingle & Company, Ltd., reported in Schedule K the distributive share of income and credits belonging to the estate of Calvin L. Swingle as follows: a. Ordinary net income
$10,028.21
b. Net short-term loss
(313.72)
c. Net long-term loss
(2,917.11)
d. Contributions
(148.92)
On its fiduciary return for 1953, the Calvin L. Swingle Trust reported in Schedule G the distributable share of income and credits of petitioner Charles W. Swingle, Jr., a beneficiary of the trust, as follows: a. Share - ordinary income
$1,916.25
b. Share - short-term capital loss
(62.74)
c. Share - long-term capital loss
(583.42)
On his 1953 income tax return petitioner reported as ordinary income received from the trust the amount of $1,916.25 and deducted from income a short-term capital loss of $62.74 and a long-term capital loss of $583.42. The Commissioner determined that the short-term and long-term capital losses sustained by the Calvin L. Swingle Trust in 1953 were not deductible by petitioner. Petitioner concedes that he is taxable upon his share of the distributable income of *110 the trust for 1953 under the provisions of section 162(b) of the Internal Revenue Code of 1939. [1] He contends, however, that he is entitled to reduce his share of distributable income by his share of the capital losses realized by the trust in 1953. The respondent's Regulations 118, section 39.162-2(a)(3), define distributable income as follows: *111 "'Income,' as thus used, must be determined in accordance with the following principles: First, such 'income' means, in general, the amount which under the applicable law of estates and trusts is considered income available for distribution to the life tenant, legatee, or beneficiary, as the case may be. Second, there must be eliminated from the income of the estate or trust, determined in accordance with the terms of the trust instrument and State law, items of income which are not includible in income of an individual for Federal income tax purposes. * * *" The will of Calvin L. Swingle is silent with respect to the treatment of capital gains and losses of the trusts created thereby. Reference to Nebraska law discloses no statute which controls the treatment by a trustee of the capital gains and losses sustained by a trust. However, one decision of the Supreme Court of Nebraska, State v. Bartling, 31 N.W. (2d) 422, involving the construction and constitutionality of a statute governing the treatment of gain or loss arising from the sale of bonds held in trust to provide financing for public schools, contains the following statement at page 427: "Generally when *112 bonds, securities, or other properties of a trust are sold at a profit the profit becomes a part of the principal and may not be considered as income. Restatement, Trusts, § 233(b), p. 682; 4 Bogert, Trusts and Trustees, § 823; 2 Scott, Trusts, § 233.1, p. 1258; In re Estate of Gartenlaub, 198 Cal. 204, 244 P. 348, 48 A.L.R. 677; In re Thomson's Estate, 11 Pa. Co. Ct. R. 198. There are recognized exceptions to this general rule. If the trust is a manufacturing or merchandising trust involving buying and selling for profits, the profits are to be considered as income. Restatement, Trusts, § 233(c), p. 683." The petitioner recognizes that, under the law of trusts, the prevailing rule in Nebraska requires that capital losses realized by a trust be charged against trust corpus, but contends that the exception in cases where the trust is engaged in a manufacturing or merchandising business is applicable. However, it is apparent that this exception, as noted by the Supreme Court of Nebraska in State v. Bartling, supra, applies to sales by manufacturers and merchandising outlets of their regular stock in trade. The record before us does not indicate *113 that the losses here in question arose from the sale by C. W. Swingle & Company, Ltd., of its normal stock in trade. On the contrary, the schedule attached to the partnership return discloses that the losses resulted from the disposition of corporate stock and commodity futures. Consequently, the recognized exception to the general rule of trust accounting on which petitioner relies is not applicable to the facts here presented. In view of the fact that the law of trusts in the majority of states requires the allocation of capital gains to trust corpus, the amount of income distributable to an income beneficiary may not be increased by the realization of capital gain by the trust. Mary Hadley Case, 8 T.C. 343; William R. Todd, 44 B.T.A. 776. Conversely, inasmuch as capital losses sustained by a trust normally must be charged to corpus, as between a trust and its beneficiary, a capital loss realized by the trust is the loss of the trust alone and cannot be deducted by the beneficiary in computing his taxable income. Anderson v. Wilson, 289 U.S. 20; Baltzell v. Mitchell, 3 Fed. (2d) 428; Irma L. Harris, 5 T.C. 493; *114 T. Rosslyn Beatty, 28 B.T.A. 1286; J. Cornelius Rathborne, 37 B.T.A. 607, affd. 103 Fed. (2d) 301. Accordingly, the capital losses sustained by the Calvin L. Swingle Trust in 1953 are not deductible by petitioner. Decision will be entered for the respondent. Footnotes
1. SEC. 162. NET INCOME. The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that - * * *
(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the legatees, heirs, or beneficiaries, but the amount so allowed as a deduction shall be included in computing the net income of the legatees, heirs, or beneficiaries whether distributed to them or not. As used in this subsection, "income which is to be distributed currently" includes income for the taxable year of the estate or trust which, within the taxable year, becomes payable to the legatee, heir, or beneficiary. * * *↩