PEOPLE v. KNICKERBOCKER TRUST CO. et al.

(Supreme Court, Appellate Division, Second Department. June 5, 1908. On Rehearing, June 18, 1908.)

1. BANKS AND BANKING—TRUST COMPANIES—RECEIVERS—COMPENSATION.

It is not necessary to institute a separate proceeding for an allowance of compensation and expenses of temporary receivers of a trust company in insolvency proceedings; the proper practice being to settle such claims in the proceeding by the receivers for the settlement of their accounts and to direct payment thereof out of the assets before they are turned over to the persons entitled thereto.

2. SAME—ALLOWANCE.

Insolvency proceedings having been instituted against a trust company, three persons were appointed temporary receivers October 25, 1907. They were never made permanent, but after serving five months were discharged, and an order granted directing them to turn over the assets to the trust company, which was permitted to resume business. Held, that an allowance of $75,000 to each of the receivers for his compensation and the same sum to their counsel, amounting in all to $300,000, was excessive, and should be reduced to $20,000 to each receiver and $20,000 to the counsel.

Appeal from Special Term, Richmond County.

Proceedings by the people for the dissolution of the Knickerbocker Trust Company, in which Ernst Thalmann and others were appointed temporary receivers October 25, 1907, and, their appointment never having been made permanent, an order was made fixing their fees

and compensation, from which the people appeal.  Modified and affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

W. A. Deford, for the People.

Charles H. Tuttle (Julien T. Davies, on the brief), for respondent trust company.

Geo. W. Wickersham (Frederick B. Van Vorst and Henry L. Scheuerman, on the brief), for respondent receivers.

GAYNOR, J.  All of the parties were regularly before the court on an application of the defendant trust company to be allowed to resume business, and have the three temporary receivers turn over the assets to it and be discharged of their trust.  The account of their proceedings and the approval of the superintendent of banks of such resumption were also before the court.  The application was granted.

It was in order on the said accounting and discharge of the temporary receivers for their compensation and expenses to be fixed and ordered paid out of the assets before they should be turned over to the trust company.  That is the settled practice on the accounting of executors, trustees and receivers.  It is not necessary to institute a separate proceeding for that purpose, and it is never done.  It is part and parcel of the accounting.  The claim that the court had no jurisdiction to fix such compensation and expenses is therefore without foundation.  But the amount allowed was so grossly excessive as to amount to a spoliation of the assets of the trust company, and the order must be reversed or else modified for that reason.  To allow it to stand would implant general distrust of the administration of justice.  The temporary receivers served for only five months.  The allowance of $75,000 to each for compensation, and the same sum to their counsel, in all the great sum of $300,000, is so disproportionate as not to wear the appearance of unhampered judicial discretion and judgment, but of having been arranged by agreement between the temporary receivers and the directors of the trust company, and adopted by the court inadvertently, or without the exercise of its controlling judgment and discretion.  This also appears from the peculiar form of the order, viz., that the sums fixed should be paid provided the trust company consented, which its officers promptly did.  Inasmuch as the trust duty of the directors of the trust company is to be diligent to have these charges upon the funds of the trust company fixed as low as possible, it seems strange that they should send counsel here to argue in favor of the compensation as fixed below.  It imparts a strange moral aspect to the case, to say the least.  It is urged that the court should not assume a paternal supervision over the directors of the trust company, but should be satisfied with or let pass what they are willing to do in the premises; but if there could be any force at all in such a suggestion in any case, this is not such a case.

We deem it our duty to exercise our judgment and discretion in the reduction of the amounts fixed to a proper sum, notwithstanding the persistence of the Deputy Attorney General in arguing that he

should be given opportunity to produce evidence of the extent and value of the services of the receivers and their counsel. He suggests a reference, but it is unnecessary, and only calculated to make useless expense and protract the settlement of the matter. It is not difficult for a court to see what the compensation should be without the aid of a reference; and if the Attorney General desired to introduce evidence he should have asked leave to do so at the Special Term.

The order is modified by reducing the compensation of each temporary receiver from $75,000 to $20,000, and that of counsel from $75,000 to $20,000, and as so modified it is affirmed.

Order modified by reducing the compensation of each temporary receiver from $75,000 to $20,000, and that of counsel from $75,000 to $20,000, and, as so modified, affirmed, without costs. All concur.

## On Rehearing.

GAYNOR, J. A motion for a reargument is made by the receivers and their counsel on the grounds that they did not know that the question of the amount of their compensation was before this court, and that the amount we have fixed is inadequate. This seems strange. What then was before us? The brief for the receivers when the appeal was argued argues at length that the work done by the receivers and their counsel was fully shown in 55 pages of the record which it points out, and that the sums allowed were not excessive. "It is not necessary," says the brief, "now to analyze these statements" (i. e., the statements showing such work), "but a reference to them is sufficient to show that the court and the Attorney General were fully informed upon the subject of the services of the receivers and their counsel." But now we are asked to take the contrary position, that there was not enough before us to pass upon the question of the amount of compensation, and that that question was not before us. If not, then the same was the case with the court below, and the amounts fixed rested only on an agreement between the receivers and their counsel, and the directors of the trust company, and the case would actually be one of the disposal of trust funds held for the court by its receivers to themselves by agreement with the directors of the trust company—a thing not to be permitted. The record disclosed the work of the receivers and their counsel and the amounts we allowed therefor were ample. This is especially so of the receivers. Very few are so fortunate as to make $20,000 inside of five months without investment, risk or anxiety.

The motion is denied. Let the order on our former decision be settled on notice before Mr. Justice GAYNOR.