On application for alimony pendente lite, the defendant wife was awarded $500 per month, and also allowance for counsel fee and suit money.
The petitioner husband paid the counsel fee and suit money and one month's alimony, and has filed appeal from the order for alimony. The defendant wife has brought contempt proceedings, for the non-payment of the second month's alimony.
Petitioner contends that the effect of the appeal is to stay the order for alimony pendente lite. Defendant contends that there is no such stay unless and until an order for stay be entered. *Page 599 
The precise question here involved seems never to have been decided in this state; but the situation here is so similar to that which was considered by the court of errors and appeals inRobinson v. Robinson, 86 N.J. Eq. 165, that the determination in that case is deemed controlling.
In that case the suit was for maintenance; the decree appealed from was a final decree awarding maintenance; the matter came before the court of errors and appeals on application for an order permitting this court to enforce the final decree pending appeal; and that application was denied on the ground that such enforcement of the decree would impair or destroy pro tanto, so far as the husband was concerned, the subject of the appeal — to wit the question of the right of the wife to compel the husband to support her by the payment of maintenance.
In the instant case the suit is for divorce, and the decree appealed from is not a final decree, but one for the payment of alimony pendente lite. It would seem that these differences are immaterial in principle. The subject of the appeal is similar, and the enforcement of the decree would have the same effect on the subject of the appeal.
The present contempt proceeding is a civil or remedial contempt proceeding, and is therefore, in effect, an application to enforce the execution of the decree pending appeal. For the reasons above stated, and expressly upon that ground (for no other defense is offered, and except for that defendant's right to the order now applied for is clear), the application will be denied, instead of being continued, in order that defendant may appeal if she so desires.
Defendant has the right (Robinson v. Robinson, supra; Ashby
v. Yetter, 78 N.J. Eq. 173) to apply either to this court or to the court of errors and appeals, for an award of alimony pending the appeal. An order for the payment of alimony pending appeal sufficient to provide, if necessary, for defendant's actual subsistence — the preservation of her life and health — would seem to be an order necessary for the preservation and protection of the subject of the appeal, i.e., *Page 600 
the right of the wife to have support from her husband pending the progress and determination of his suit for divorce. Possibly such an order might have been made on this present application if there had been proofs before the court as to whether a partial enforcement of the decree was necessary for defendant's subsistence pending the appeal, and if so, in what amount.
The practical difficulty confronting defendant is that this situation arises in the vacation of the court of errors and appeals, so that application cannot be made to it; and if application be made to, and granted by, this court for alimony pending the appeal, petitioner may appeal from that order, and so on.
If, however, defendant should make such application to this court, and be successful, and petitioner should appeal from that order, this court would at least entertain application by defendant for stay of the proceedings in the main suit. *Page 601