12 N.J. Super. 540 (1950)
80 A.2d 130
THE NATIONAL STATE BANK OF NEWARK, AS SUCCESSOR TRUSTEE UNDER DEED OF TRUST OF EDWARD GOODRICH ACHESON, DATED JULY 10, 1928, PLAINTIFF,
v.
MARGARET ACHESON STUART, ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 23, 1950.
*541 Messrs. Pitney, Hardin & Ward (Mr. Donald B. Kipp appearing), for the plaintiff.
Messrs. Stein, Stein & Hughes (Mr. Richard V. Stein appearing), for the defendant, Margaret Acheson Stuart.
Mr. Coleman Burke, for the defendant Lyall L. Stuart.
Messrs. Martin & Reiley, for certain adult defendants.
Mr. William H. Corbin, for guardians ad litem of all infant defendants.
FREUND, J.S.C.
The plaintiff, successor trustee under a deed of trust of Edward Goodrich Acheson, deceased, seeks, inter alia, construction of a provision of the trust agreement which reads as follows:
*542 "For the purpose of determining what shall constitute corpus and what shall constitute income of the trust estate it is hereby declared in respect to the shares of stock of Acheson Corporation hereby transferred that the net assets of Acheson Corporation at the date hereof (without regard to book value), including the shares of stock of Acheson Graphite Corporation held by Acheson Corporation and the shares of stock of any other corporation which may hereafter be received by Acheson Corporation or its successor in place of said shares of stock of Acheson Graphite Corporation, or in place of any shares from time to time substituted therefor upon any consolidation, merger, sale of assets, exchange of stock or reorganization of any character, apportionable to the shares hereby transferred shall be deemed and continued as corpus of the trust estate."
The trustee held 800 shares of capital stock of Acheson Corporation, a Delaware corporation having an authorized capital of $1,000,000, divided into 10,000 shares of capital stock of a par value of $100 each. Pursuant to the foregoing provision of the trust agreement, Ernst & Ernst, certified public accountants, valued the net assets of Acheson Corporation, as of July 10, 1928, the date of the agreement, at $13,617,471.02, so that the 800 shares held by the trustee were worth $1,089,397.68. Thereafter, in the year 1941, Acheson Corporation was dissolved, as a result of which the trustee in exchange for the 800 shares of Acheson Corporation stock received in liquidation, and credited to corpus, the sum of $1,473,744.81.
The defendant, Margaret Acheson Stuart, a daughter of the settlor, is the life beneficiary of the subject trust and is entitled to receive all the income therefrom during her life. By counterclaim, she asserts that the difference between the amount received by the trustee in liquidation of the shares of stock and the sum at which the shares were valued by the accountants in 1928 should be treated as income and be payable to her. The other defendants in this cause, 53 in number, are remote contingent beneficiaries. The adult defendants have filed answers, admitting the allegations of the complaint and of the counterclaim of Margaret Acheson Stuart, and join in the prayers of her answer and counterclaim. The infant defendants appear by guardians ad litem; on their behalf a brief has been filed.
*543 The question is whether the sum received in liquidation of the Acheson Corporation stock should have been treated as corpus or whether the excess over the valuation of the stock in 1928 should be treated as income, as contended by the defendant, Margaret Acheson Stuart.
Obviously, under the generally accepted definitions, the sum realized in liquidation of the stock was corpus. The defendants argue, however, that generally accepted definitions do not apply in this instance, because the pertinent provision of the agreement contains its own definition, the settlor specifying that the "net assets of Acheson Corporation at the date hereof (July 10, 1928) without regard to book value * * * shall be deemed and continued as corpus of the trust estate."
It is quite evident that the settlor did not contemplate nor provide for the contingency of the liquidation of the corporation. However, he clearly intended that the actual value of the stock, rather than the book value, be considered as corpus. On liquidation the trustee received its proportionate share of the net assets of Acheson Corporation; such liquidation was not at book value. The fact that at the time of liquidation the net asset value of the stock was greater than the value as calculated 12 years earlier by the accountants does not, for the purposes of the trust, change the character of the net asset valuation. An accretion in an asset does not constitute income. By way of illustration, if the trust asset consisted of a parcel of real estate instead of shares of stock and the settlor provided that the net value of the property, instead of its assessed valuation, was to be considered corpus, in the event of a subsequent sale of the real estate at a price in excess of the value at which it was initially carried, could it be plausibly contended that the excess is income? Certainly not. Moreover, if the net assets had decreased in value since 1928 and the sum received in liquidation been less than the initially established value, it is highly improbable that the life tenant would contend that she should pay the difference into the trust.
*544 The entire sum received by the trustee in liquidation of the shares of stock, being in lieu of the stock, is corpus. The appreciation in the value of the asset between the establishment of the trust and the liquidation of the asset is not income and accordingly was properly considered as corpus by the trustee.
Judgment will be entered accordingly.