22 N.J. Super. 269 (1952)
91 A.2d 892
FRANCES L. JACKSON AND THE HOWARD SAVINGS INSTITUTION, AS TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF EDWARD W. JACKSON, DECEASED, PLAINTIFFS,
v.
FRANCES L. JACKSON, INDIVIDUALLY, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided October 16, 1952.
*271 Messrs. Harrison & Roche & Darby, attorneys for the plaintiffs (Mr. Edwards S. Sanford, of counsel).
Messrs. Bailey, Schenck & Bennett, attorneys for the defendant Frances L. Jackson (Mr. Edwards T. Casebolt, of counsel).
Mr. John Emery, guardian ad litem for the infant defendants.
SPEAKMAN, J.C.C.
The trustees under the will of Edward W. Jackson seek instructions to determine the rights of the parties in certain securities and cash which came into the possession of the trustees as a result of the liquidation and dissolution of the United Light and Power Company, hereafter referred to as "Power," and certain of its various subsidiaries and their various subsidiaries. Trustees also seek instructions as to the rights of the parties in 400 shares of common stock of American Can Company received by the plaintiffs as a stock dividend on or about April 27, 1952. The trustees were instructed at the hearing that under the will of the testator these 400 shares were to be distributed to the life tenant.
In addition to leaving all of his realty and personalty except cash and securities to his wife, testator, by the fifth paragraph of his will dated March 14, 1939, created a trust for her benefit of the residue of his estate as follows:
"All the rest, residue and remainder of my estate, both real and personal, and of every kind whatsoever and wheresoever situate, of which I shall die seized and possessed, I give, devise and bequeath unto my trustees, or trustee, hereinafter named, and their survivor, in trust nevertheless for the following uses and purposes:
A. To hold, invest and reinvest the same as in their judgment may seem wise, and to receive the rents, proceeds and income thereof, and to pay over the net income thereof unto my wife during her life in quarter annual installments, beginning on the first day of the third month after my death. All dividends whether ordinary or extraordinary, cash or stock, or paid in stock of another corporation, which shall be paid to or received by my executors or trustees after my death on stock of corporations owned by me at the time of *272 my death or which may at any time constitute part of my estate or the corpus of this trust shall be considered and distributed as income, whether the same shall be declared out of surplus or proceeds accruing prior to the date of my decease. There shall also be considered and distributed as income all moneys obtained from the sale of rights to subscribe to new or additional stock. In the event that in any year or years the annual net income shall be less than Twenty Thousand Dollars ($20,000.00), I authorize and direct my trustees or trustee, at my wife's request, to pay to her in said year or years from the principal of the trust sufficient moneys to make good the difference between the net income and the sum of Twenty Thousand Dollars ($20,000.00)." (Italics added)
At the time of his death in September 1941 testator owned 110 shares of the $100 par value $6 cumulative preferred stock of "Power," with a market value of $2,633.13. There was due on said stock at the time of testator's death the sum of $6,224 representing accrued cumulative dividends. Pursuant to the terms of testator's will said stock was delivered to the trustees.
As a result of proceedings instituted under the Public Utility Holding Company Act the Securities and Exchange Commission, in March 1941, ordered "Power" to dissolve and liquidate. Some years after Mr. Jackson's death numerous dividends were paid in stock and stock rights by "Power" to its stockholders.
Since the dissolution of "Power" some of its subsidiaries, which themselves were holding companies, have been ordered dissolved and liquidated under the same act. As a result they too have distributed stocks and stock rights to original holders of "Power" stock. Today, stock dividends and stock rights which stand in the place of the 110 shares of "Power" have a market value of $36,022 and an adjusted value of $20,781.06.
The question for determination is whether or not the stock dividends, rights, etc., issued for the 110 shares of "Power" were extraordinary dividends within the meaning of Paragraph Fifth of testator's will.
The actual value of the stock involved represents but a very small portion of the total amount of the trust. *273 By providing for the invasion of corpus when the income shall be less than $20,000 in any one year and by providing that stock dividends (which not infrequently reflect inflationary values rather than income) be considered as income testator sought to protect his wife, the sole object of his solicitude and generosity, from a reduction of income in periods of depression on the one hand and on the other from the effects of high prices in an inflationary period. Obviously he was aware of the likelihood of a dissolution of one or more of the various companies in which he held stock at the time of his death. This is particularly true of the company whose stock is involved here since the proceedings seeking the dissolution of "Power" were instituted several months prior to his death. The language of the will that "All dividends whether ordinary or extraordinary * * * shall be considered and distributed as income * * *" indicates clearly that the testator appreciated that the items ordered to be "distributed as income" are not ordinarily treated as such.
Clapp, in his book on Wills and Administration, 5 New Jersey Practice (1950), at page 579 says:
"Plainly, liquidating dividends fall in the category of extraordinary dividends. Plainly, too, dividends declared where there is an unusual accumulation of earnings by reason of extraordinary prosperity, or where the accumulated savings of years are to be distributed constitute extraordinary dividends."
See also In re Bank of New York and Fifth Avenue Bank, 105 N.Y.S.2d 211 (Sup. 1951), modified In re Matthews Trust, 111 N.Y.S.2d 405 (Sup. 1952). Cf. National Newark and Essex Banking Co. v. Work, 109 N.J. Eq. 468 (Ch. 1932). The contention of the infant defendants that National State Bank of Newark v. Stuart, 12 N.J. Super. 540 (Ch. 1950), affirmed 8 N.J. 72 (1951) is to the contrary is without merit since the decision in that case was based on a clear expression of the testator's intent that the amount received by the trustee for the shares of stock of *274 Acheson Corporation, upon liquidation of that company, be treated as corpus.
While New Jersey follows the Pennsylvania rule as to apportionment of extraordinary dividends between the life tenant and the remaindermen, Lang v. Lang's Executor, 57 N.J. Eq. 325 (E. & A. 1898) this is of no significance here since the testator by directing that all extraordinary dividends whether cash or stock or paid in stock of another corporation should be considered and distributed as income made it clear that the general rule should not apply. Such an intent of the testator is controlling. See, In re Fisher's Estate, 115 N.J. Eq. 329 (E. & A. 1934).
The shares of stock, rights to subscribe, and cash in lieu of fractional shares received by the trustees as a result of "Power's" liquidation are extraordinary dividends within the meaning of paragraph Fifth of the will and accordingly the life tenant is entitled to them.
At the final hearing, the question was raised as to the authority of the plaintiffs to retain, at a time when dissolution seemed imminent, the "Power" stock. The implication of the question is that by holding the stock the trustees improperly permitted these extraordinary dividends to become payable to the life tenant. There was no impropriety in holding the stock. On the contrary, the sale of the stock would have thwarted the intent of the testator to benefit his wife. The fact that the life tenant was also a trustee did not require the trustees to take affirmative steps to limit the life tenant to the bare minimum under the trust in order to increase the amount which is some day to become the property of the remaindermen.
Judgment may be entered in accordance with this opinion.