62 N.J. Super. 84 (1960)
162 A.2d 297
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NORA K. SISTI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 22, 1960.
Decided June 21, 1960.
*85 Before Judges PRICE, GAULKIN and FOLEY.
Mr. Daniel Gilady argued the cause for defendant-appellant (Messrs. Towe and Gilady, attorneys; Mr. Daniel Gilady, of counsel).
Mr. William C. Brudnick, Special Assistant Prosecutor, argued the cause for plaintiff-respondent (Mr. Guy W. Calissi, Bergen County Prosecutor, attorney; Mr. William C. Brudnick, on the brief).
*86 The opinion of the court was delivered by PRICE, S.J.A.D.
Defendant seeks to reverse a judgment of the Bergen County Court, Law Division, convicting her of operating a motor vehicle while under the influence of intoxicating liquor in violation of N.J.S.A. 39:4-50. The judgment in the County Court was the result of a trial de novo following an appeal by defendant from her conviction of the aforesaid offense in the Municipal Court of the Borough of Paramus. The County Court imposed a fine of $200 and revoked defendant's drivers license for a period of two years.
Defendant was apprehended by the police on November 25, 1958 while she was operating her automobile in the parking area of the Garden State Plaza Shopping Center in Paramus, an area having a capacity permitting the contemporaneous parking of 7,800 to 8,000 vehicles and providing accommodations for the daily movement of thousands of cars by members of the general public patronizing the shopping center. On this appeal defendant does not deny that, while under the influence of intoxicating liquor, she was operating her motor vehicle in one of the aisles or lanes located between certain designated parking spaces in the shopping center plaza. Her sole challenge of the conviction is that, as the aforesaid parking area was private property and stipulated by the State to be such, the aforesaid section of the statute is not applicable; that it applies only to the operation of a motor vehicle on a public highway.
The pertinent portion of N.J.S.A. 39:4-50 is as follows:
"A person who operates a motor vehicle while under the influence of intoxicating liquor * * * shall be subject, * * *." (penalty provided)
Although N.J.S.A. 39:4-50 does not itself contain words which would restrict its application to violations occurring "on the highways," appellant contends that the section in question should be read as if those words appeared therein, *87 because of the prefatory statement contained in N.J.S.A. 39:4-1. We disagree.
Our decision in the instant case treats only with the specific factual situation disclosed by the record before us. Although defendant and the State have limited their stipulation to the fact that the plaza is privately owned, the case cannot be realistically considered and decided without recognition of the far more important factor of the conceded extensive public use to which the area is daily devoted. To omit such element and to consider only the naked fact of private ownership would be to disregard the public user of the area in which defendant, with her faculties impaired by excessive use of intoxicating liquor, elected to operate her car.
Defendant and the State devote the major portions of their briefs to their respective interpretations of the legislative history of the Motor Vehicle and Traffic Acts. Defendant thereby seeks to establish and the State to negate that highway operation only was contemplated by the acts under scrutiny. We prefer to rest our decision on the simple fact that, as beyond question the legislation regards an intoxicated driver as a menace and one who should be denied the right to operate an automobile in such condition, the legislative intent includes a ban on the operation of a motor vehicle in a place devoted to public use as is here involved. Such a holding emphasizes the significance of the absence in N.J.S.A. 39:4-50 of any limitation on the area within which the operation of a motor vehicle under the circumstances therein defined is prohibited. No sound reason exists for a holding that the Legislature intended to tolerate the operation of a motor vehicle, by a person under the influence of intoxicating liquor, in a semi-public place such as is here involved. Cf. State v. O'Grady, 19 N.J. Misc. 559 (Spec. Sess. 1941); State v. Harold, 74 Ariz. 210, 246 P.2d 178 (Sup. Ct. 1952); People v. Taylor, 202 Misc. 265, 111 N.Y.S.2d 703 (Magis. Ct. 1952); State v. Carroll, 225 Minn. 384, 31 N.W.2d 44 *88 (Sup. Ct. 1948); State v. Cormier, 141 Me. 307, 43 A.2d 819, 822 (Sup. Jud. Ct. 1945); People v. Rue, 166 Misc. 845, 2 N.Y.S.2d 939 (Cty. Ct. 1938).
Legislation is to be reasonably construed "to serve the apparent legislative purpose * * *. The will of the lawgiver is to be found * * * by the exercise of reason and judgment in assessing the expression as a composite whole." Alexander v. N.J. Power & Light Co., 21 N.J. 373, 378 (1956).
Our above stated conclusion renders unnecessary consideration of other points raised by defendant. The judgment of the County Court is affirmed.