101 N.J. Super. 396 (1968)
244 A.2d 510
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ANDREW A. VALERIANI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 20, 1968.
Decided June 17, 1968.
*397 Before Judges CONFORD, COLLESTER and LABRECQUE.
*398 Mr. Peter P. Cascone appeared on behalf of appellant.
No one appeared on behalf of respondent.
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant was convicted in the Municipal Court of Hamilton Township of leaving the scene of an accident in violation of N.J.S.A. 39:4-129. On appeal following a trial de novo in the County Court the conviction was affirmed and a fine of $25 and costs were imposed. He appeals.
The facts set forth in the agreed statement in lieu of record show that at about 11:20 P.M. on July 10, 1966, defendant entered his automobile parked in his driveway and backed it across the street into the driveway of Mr. and Mrs. Bitler. It struck the rear of Mr. Bitler's automobile which, in turn, collided with Mrs. Bitler's car  both of which were parked in the driveway. At the time of the accident Mrs. Bitler was standing in her doorway watching defendant, whom she knew and who had been a neighbor for four years.
Mrs. Bitler testified that following the impact defendant drove his car forward, then backed it up so he could make a turn into the street and drove off without stopping. She said both Bitler cars were damaged by the collision.
Defendant testified that as he left his house to enter his car he observed Mrs. Bitler standing in the doorway of her home. As he backed across the street into the Bitler driveway he felt the impact of "bumpers tapping." He said he observed Mrs. Bitler still standing in her doorway, pulled his car forward and saw with the aid of his backup lights that there was no damage, then drove away. He further testified that no one approached him about the accident until a month and a half later when Mr. Bitler showed him a dent in the bumper of his car. Thereafter he bought a new bumper for Mr. Bitler.
The County Court judge found that defendant made no attempt to stop at the scene of the accident in order to assess *399 the damage caused by the collision or to notify the owners of the damaged cars. He said defendant's testimony that he assumed Mrs. Bitler knew who had hit the cars did not fulfill the requirement of the statute. He concluded that the provisions of N.J.S.A. 39:4-129 were violated even though the collision did not occur on a public highway. This appeal followed.
The "hit-and-run" statute, N.J.S.A. 39:4-129, in effect on the date of the accident (it has been subsequently amended) provided in pertinent part:
"The driver of any vehicle knowingly involved in an accident resulting in injury or death to a person or damage to property shall immediately stop the vehicle at the scene of the accident, give his name and address and exhibit his operator's license and registration certificate of his vehicle to the person injured or struck and to any police officer or witness of the accident, and to the driver or occupants of the vehicle collided with * * *" (Emphasis added)
Defendant first alleges the trial court erred in denying his motion to dismiss the complaint on the grounds that (1) Mrs. Bitler knew he was the driver of the car involved in the accident, and (2) he did not know that the Bitler cars sustained damage.
We are satisfied that both contentions are without merit. The purpose of the hit-and-run statute is to prohibit an automobile driver involved in an accident from evading his responsibilities by escaping or departing before his identity is made known. State v. Gill, 47 N.J. 441, 443 (1966).
It is undisputed that defendant knew his automobile struck Mr. Bitler's car, that he made no attempt to comply with the requirements of the statute and drove away. The fact that he saw Mrs. Bitler in her doorway and assumed that she had witnessed the collision and knew that he was the operator of the car is no defense to his failure to comply with the mandatory requirements of the statute. Cf. Commonwealth v. Joyce, 326 Mass. 751, 97 N.E.2d 192 (Sup. Jud. Ct. 1951). Moreover, his belief that the Bitler *400 car had sustained no damage was no justification for his failure to comply with the statute. Having knowledge that he had collided with the car, it was incumbent upon him to stop and make an investigation to determine whether, in fact, the Bitler car had sustained damage. Whether the damage was slight or great is immaterial, so long as there has been damage. See Lo Biondo v. Allan, 132 N.J.L. 437, 438-439 (Sup. Ct. 1945); cf. State v. Herbst, 2 Conn. Cir. 236, 197 A.2d 550 (App. Div. 1963).
Defendant's second point is that the trial court erred in not dismissing the complaint because the accident occurred on private property, namely, the driveway on the Bitler property. He claims the hit-and-run statute applies only to conduct of a motor vehicle operator following an accident on the public highway. Although N.J.S.A. 39:4-129 does not itself contain words which would restrict its application to violations occurring on the public highways, defendant contends that the section of the statute in question should be read as if those words appear therein because of the prefatory statement contained in N.J.S.A. 39:4-1. We do not agree that N.J.S.A. 39:4-129 is so limited in its application. Cf. State v. Sisti, 62 N.J. Super. 84, 86-87 (App. Div. 1960).
The defendant contends that State v. Sisti supports his position. In that case this court held that N.J.S.A. 39:4-50 (driving a motor vehicle while under the influence of intoxicating liquor), which also contains no language limiting its application to violations which occur on the public highway, was applicable to a motorist who, while intoxicated, operated her car in a quasi-public shopping center parking lot. (See also State v. Gillespie, 100 N.J. Super. 71 (App. Div. 1968)). Defendant argues that the implication to be drawn from Sisti is that if it were not for the public use of the property where the offense took place, the court would have held that N.J.S.A. 39:4-50 was inapplicable. We do not agree. In both Sisti and Gillespie the court was called upon to decide only the narrow issue of the application of the the statute to quasi-public places. It did not pass upon the *401 broad question of whether the statute applied to offenses which occurred on private property not ordinarily used by the public.
Although the appellate courts of our State apparently have not passed on the applicability of the hit-and-run statute to accidents occurring on private property, courts in other jurisdictions have uniformly held that such statutes do apply. State v. Gallagher, 102 N.H. 335, 156 A.2d 765, 767-768, 77 A.L.R.2d 1167 (Sup. Ct. 1959); People v. Bell, 197 N.Y.S.2d 511 (Cty. Ct. 1960); Salazar v. State, 145 Tex. Crim. R478, 169 S.W.2d 169 (Crim. App. 1943). See Annotation, "Hit-And-Run Statute  Applicability," 77 A.L.R.2d 1171 (1961); cf. People v. Stansberry, 242 Cal. App.2d 199, 51 Cal. Rptr. 403 (D. Ct. App. 1966); Meadows v. State, 211 Miss. 557, 52 So.2d 289 (Sup. Ct. 1951); State v. Smith, 264 N.C. 575, 142 S.E.2d 149, 151 (Sup. Ct. 1965).
Ordinarily, if a motor vehicle statute makes no reference to offenses occurring on a public highway, it is usually held that the statute applies generally throughout the state. State v. Gallagher, supra. 156 A.2d, at p. 767. The purpose of the statute, as hereinbefore stated, is to prohibit the automobile driver involved in an accident from evading his responsibilities by escaping or departing before his identity is made known. State v. Gill, supra. We are of the opinion that in view of the salutary purpose of the statute, the Legislature intended to provide the same protection to all persons who suffer damage or injury, regardless of where the motor vehicle accident occurs. If the Legislature had intended to apply the statute only to accidents occurring on the public highways, it undoubtedly would have so indicated.
Affirmed.