**STATE of Iowa, Appellee,**

v.

**James E. CHRISTOPHER, Appellant.**

**No. 53727.**

Supreme Court of Iowa.

May 5, 1970.

Robert C. Oberbillig, and L. Vern Robinson, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Ray Fenton, County Atty., for appellee.

BECKER, Justice.

Defendant was charged under section 321.264,[1] Code of Iowa, 1966, in failing to leave his name and address in a conspicuous place on an automobile with which his car had collided. On trial to the Municipal Court of Des Moines he was found guilty and fined $50. He appeals. We affirm.

The facts interpreted in the light most favorable to the State reveal the following sequence of events. Defendant attempted to park his Oldsmobile automobile in front of the Municipal Court Building in Des Moines. In doing so he first attempted to park behind a Mercedes car owned by Sergeant Jay F. Knight of the Des Moines Police Department. He bumped the Mercedes hard enough to be heard by a group of police officers who were near the window of the building taking a break from a training program. Defendant then decid-

1. "Striking unattended vehicle. The driver of any vehicle which collides with any vehicle which is unattended shall immediately stop and shall then and there either locate and notify the operator or owner of such vehicle of the name and address of the driver and owner of the vehicle striking the unattended vehicle or shall leave in a conspicuous place in the vehicle struck a written notice giving the name and address of the driver and of the owner of the vehicle doing the striking and a statement of the circumstances thereof."

ed to park in front of the Mercedes. As he backed into the parking space the left rear taillight assembly of the Oldsmobile struck the front grill of the Mercedes. Defendant got out of his car, looked at the front of the Mercedes, fed the parking meter and left.

The officers advised Sergeant Knight to check his car. The Sergeant went out, viewed his car from the side, (it was raining at the time) observed no damage and left. He later discovered the grillwork had in fact been damaged. He and an investigating officer got defendant to back his car up to the front of the Mercedes. The curvature of the bumpers was such that the taillight of the Oldsmobile would match the damage to the grill. The investigating officer then issued a ticket to defendant.

Defendant testified he observed no damage to the Mercedes, the damage to the grill was not there immediately after the incident, and therefore had no duty to leave his name and address. Sergeant Knight testified without objection that the estimate of damage to the Mercedes was $137.

I. Defendant argues, (1) the purpose of the statute, to discover the person who causes damage, State v. Valeriani, 101 N.J. Super. 396, 244 A.2d 510, and (2) use of the word "collide" which infers sufficient force to cause damage; impels the conclusion that there must be apparent damage to the unattended vehicle before the offending driver must leave his name and address. We agree.

The State argues a motorist must leave his name and address every time his car collides with an unattended vehicle even though no damage is apparent. This conclusion is reached by noting the absence of a requirement of damage in the statute plus demand for literal interpretation.

■ Janson v. Fulton, (Iowa) 162 N.W. 2d 438, 442, recognizes the following rule: "It is a familiar, fundamental rule of statutory construction that, if fairly possi-

ble, a construction resulting in unreasonableness as well as absurd consequences will be avoided. (Cases cited)." Here we cannot ascribe to the legislature an intent to require name and address at every contact between motor vehicles. Some damage is required.

II. Defendant also insists the motorist must have knowledge of the damage. State v. Ramos, 260 Iowa 590, 594, 595, 149 N.W. 2d 862, 865: " '* * * We said, in State v. Dunn, 202 Iowa 1188, 1189, 211 N.W. 850, 851: "Whether a criminal intent or guilty knowledge is an essential element of a statutory offense is to be determined as a matter of construction from the language of the act, in connection with its manifest purpose and design." ' * * *

" '* * * *We are not disposed to extend further the doctrine of guilt without intent or knowledge.'* (Emphasis supplied)."

Knowledge or intent is seldom capable of direct proof but is usually inferred from the surrounding circumstances. State v. Kneedy, 232 Iowa 21, 3 N.W.2d 611.

State v. Greer, 259 Iowa 367, 370, 144 N.W.2d 322, 325: "On a claim of insufficient evidence to sustain a conviction, we view the evidence in the light most favorable to the State. It is the factfinder's function, not ours, to decide disputed fact questions. The finding of guilt by the trier of fact is binding upon us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. State v. Stodola, 257 Iowa 863, 865, 866, 134 N.W.2d 920, 921, and citations."

■ Here contact between the vehicles was such as to be clearly noted by a policeman in a nearby building; he could see the grill moving. We hold the questions of whether the damage to the grill was inflicted at that time and whether defendant knew such damage had occurred were

for the trier of facts. Cf. State v. Glover, 270 N.C. 319, 154 S.E.2d 305, 307.

█ The question is not whether this court would have reached the same conclusion on this evidence but whether there was substantial evidence to support the conclusion reached. We hold there was such substantial evidence.

Affirmed.

All Justices concur, except MASON and RAWLINGS, JJ., who dissent and UHLENHOPP, J., who takes no part.