The Honorable David R. Malone State Senator P.O. Box 1048 Fayetteville, Arkansas 72701
Dear Senator Malone:
This is in response to your request for an opinion on the appropriateness of a nonprofit charitable corporation expending a portion of the appreciation in value of its endowment.
You ask me to assume, for purposes of this opinion request, that an Arkansas nonprofit corporation organized for charitable and educational purposes and exempt from federal income taxation under Section 501(c)(3) of the Internal Revenue Code receives donations from private donors to establish endowed funds; that the language of the gift provides that "income" or "income only" shall be expended for the purposes for which the endowment was established, e.g., scholarships; that the endowment was established over a year ago with publicly traded securities with a market value of $10,000 and that the current market value of the securities is $20,000; and that the securities pay only a small dividend not sufficient to provide for a scholarship.
Your question with regard to these facts is as follows:
 Under Arkansas law, is capital gain on the sale of securities in an endowed fund allocated to principal or income? Under the hypothetical presented, would it be legal to expend a portion of the capital gains to provide currently for scholarships to fulfill the purpose of the endowment?
The answer to your question will depend in large measure on the terms of a particular endowment or gift. Any general rule of the common law or even of statute in Arkansas can be modified by the intention of the donor as expressed in the gift. See A.C.A. §28-70-102. This office cannot, therefore, make a conclusive determination with regard to a particular instrument or endowment. It appears that in Arkansas, as a general rule (there are exceptions), where a gift or trust is made and "income" or "income only" is to be expended, the increase in value of the principal or "capital gain" as you describe it, is not attributable to income, but is attributable to principal, and thus may not be expended for the purposes of the gift.
There appear to be no applicable provisions of law specifically governing the expenditure of endowed funds by nonprofit corporations. The provisions of law governing the operations of trusts generally may be applicable, as well as the "Arkansas Revised Uniform Principal and Income Act," codified at A.C.A. §§28-70-101—119.
It is ordinarily held that profits on the sale of stock which constitutes the corpus of a trust are ordinarily treated as additions to principal. Scott on Trusts, § 233.1. Additionally, the term "income" has been defined by many courts as not including the increase in value of the principal. See NationalState Bank of Newark v. Stuart, 12 N.J. Super 540, 80 A.2d 130
(1950); In re Davis' Estate, 75 Cal. App.2d 528, 171 P.2d 463
(1946); Robinson v. Elston Bank Trust Co., 113 Ind. App. 633,48 N.E.2d 181 (1943); In re Watland, 211 Minn. 84, 300 N.W. 195
(1941). This is not the universal rule, but it does seem to have been adopted in the majority of jurisdictions.
Because there appear to be no Arkansas cases directly applicable to your hypothetical, the rules stated above, in my opinion, would likely be applied by an Arkansas court.
This conclusion is buttressed by the "Arkansas Revised Uniform Principal and Income Act," which defines the terms "principal and interest." Section 28-70-103(b)(1) of this act defines "principal" as including "consideration received by the trustee on the sale or other transfer of principal . . . or change in the form of principal."[1]
It is my opinion that generally, therefore, the "capital gain" on the sale of securities in an endowed fund should be allocated to principal and not income.
You have not stated exactly what type of "securities" your question encompasses. It should be noted that the type of security may vary the result under the "Revised Uniform Principal and Income Act." For example, if the securities in question are debt instruments, A.C.A. § 28-70-107(b) provides that "[t]he increment in value of a bond or other obligation for the payment of money payable at a future time in accordance with a fixed schedule of appreciation in excess of the price at which it was issued is distributable as income."
Finally, in response to your question, it should be noted that many states have adopted the "Uniform Management of Institutional Funds Act" which permits the prudent use of appreciation in the value of endowed investments. This act has not been adopted in Arkansas. Until such time as it is, or until the statutes of this state are amended, or the Arkansas Supreme Court rules otherwise, it is my opinion that generally, "capital gains" on securities, in the absence of a contrary intent of the donor, or a statutory provision governing a particular type of "security," are attributable to principal and thus may not lawfully be expended for the purposes of the endowment.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It appears that this provision has applicability to your question regarding the sale of securities, which would constitute a sale of principal, or a change in the form of principal. The "Arkansas Revised Uniform Principal and Income Act," however, does provide that if none of its provisions are applicable to a proposed receipt or expenditure, a form of "prudent man" rule governs the situation. See A.C.A. § 28-70-102(a)(3) and Prefatory Note to the Revised Uniform Principal and Income Act (Commentaries volume of the Arkansas Code at 986).