**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2401-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS F. LECAROS-DELGADO,

    Defendant-Appellant.

_____

Submitted June 7, 2021 – Decided August 9, 2021

Before Judges Mayer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 22-2019.

Eric B. Morrell, attorney for appellant.

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a February 18, 2020 Law Division order denying his motion to withdraw two driving-while-intoxicated (DWI) guilty pleas that he entered in municipal court in 2007. Defendant did not seek to withdraw those guilty pleas until 2019. He now contends the municipal court judge who accepted the pleas and imposed the sentence was hostile and biased against him. After carefully reviewing the record in light of the applicable legal principles, we reject defendant's contentions and affirm.

We briefly summarize the pertinent facts and procedural history. In the early morning hours of February 24, 2007, defendant drove from the bar he owned after consuming a substantial amount of alcohol. He was stopped by police and subsequent testing indicated a blood alcohol content (BAC) well above the legal limit. Less than two weeks later, on March 9, 2007, defendant was again arrested and charged with DWI when he again consumed alcohol and proceeded to operate his vehicle.

On April 12, 2007, defendant pled guilty to both DWI offenses. On the conviction for the first incident, the municipal court judge imposed an eight-month license suspension, twelve hours in the Intoxicated Driver Resource Center (IDRC), and monetary fines and penalties. On the conviction for the second DWI offense, the judge imposed a two-year license suspension, forty-

eight hours in the IDRC, monetary fines and penalties, and participation in a twenty-eight-day rehabilitation program to be immediately followed by a thirty-day county jail term.

Defendant appealed to the Law Division seeking to modify the sentence. The Law Division conducted a de novo review and imposed the same sentence on December 17, 2007. Defendant did not file a direct appeal to the Appellate Division.

Ten years later, in 2017, defendant was charged with yet a third DWI offense. He filed a petition for post-conviction relief (PCR) in the municipal court claiming ineffective assistance of counsel in the first two matters, which the court denied on June 8, 2017. Defendant appealed the denial of his PCR petition to the Law Division. On November 6, 2017, Judge Robert J. Jones denied defendant's PCR petition, stating his reasons in a six-page written decision. On appeal, we affirmed the denial of PCR. State v. LeCaros-Delgado, A-1829-17 (App. Div. Apr. 10, 2019) (slip op.).

Defendant then moved before the municipal court to withdraw his 2007 guilty pleas. That motion was denied on July 31, 2019. Defendant appealed that decision to the Law Division. On February 18, 2020, Judge Jones affirmed the denial of defendant's motion to withdraw his guilty pleas in an oral opinion.

Defendant raises the following contentions for our consideration:

POINT I

THE COURT PRACTICED AN ABUSE OF DISCRETION IN ITS DECISION TO DENY THE DEFENDANT'S MOTION TO VACATE THE PLEA.

A. THE COURT CITED THE TIMING [OF THE MOTION TO WITHDRAW] AS A REASON FOR DENIAL IN OPPOSITION TO 7:6-2(b).

B. NEITHER THE COURT NOR THE STATE DEFINITIVELY PROVE OR STATE THAT THERE WAS NO EVIDENCE OF BIAS AT THE DEFENDANT'S ORIGINAL HEARING.

Because we affirm substantially for the reasons set forth in Judge Jones's thorough and thoughtful oral opinion, we need not re-address defendant's arguments at length. We add the following comments.

Rule 7:6-2(b) provides "[a] motion to withdraw a plea of guilty shall be made before sentencing, but the court may permit it to be made thereafter to correct a manifest injustice." The scope of our review of the denial of a motion to withdraw a guilty plea is narrow. "Absent 'an abuse of discretion which renders the [Law Division's] decision clearly erroneous,' we must affirm a trial court's decision on a motion to vacate." State v. Mustaro, 411 N.J. Super. 91, 99 (App. Div. 2009) (quoting State v. Simon, 161 N.J. 416, 444 (1999)).

4 <span>A-2401-19</span>

In State v. Slater, our Supreme Court "distill[ed] . . . common principles to help trial courts assess plea withdrawal motions." 198 N.J. 145, 157 (2009). The Court set forth a four-factor test: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Id. at 157–58. The Court emphasized, moreover, that "efforts to withdraw a guilty plea after sentencing must be substantiated by strong, compelling reasons." Id. at 160.

Judge Jones addressed and weighed all four Slater factors. We agree with Judge Jones that defendant has not presented a colorable claim of innocence. We also agree with Judge Jones that withdrawing DWI guilty pleas more than a decade after the pleas were entered would result in unfair prejudice to the State and an unfair advantage to defendant. See State v. Mitchell, 126 N.J. 565, 575 (acknowledging "[a]s time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply").

With respect to the reasons urged by defendant for withdrawal, the gravamen of defendant's argument is that the municipal court judge who took the guilty pleas and imposed sentence exhibited hostility and bias. We agree

with Judge Jones that the sentencing court was "stern" when he admonished defendant for committing two DWI offenses in the span of two weeks. We also agree with Judge Jones' conclusion the sentencing judge's comments did not exhibit bias against defendant.

Specifically, the municipal court judge referred to defendant as a "deadly menace." The judge also remarked, "what troubles me is every time he gets drunk coming out of that bar, he aims himself like a missile straight at Dunellen," referring to the back-to-back DWI offenses committed in that town. As Judge Jones aptly observed, the sentencing judge's comments were offered "to impress [upon defendant] the seriousness of what happened" and to take "into account the fact that [defendant] had just pled guilty to . . . [t]wo drunk driving incidents two weeks apart." Consternation is not necessarily inappropriate at sentencing. A sentencing proceeding provides an opportunity—if not obligation—for the court to make clear, using strong language, that a defendant's repetitive unlawful conduct must cease and that future offenses will not be treated lightly.

We add that the municipal court judge's characterization of defendant as a deadly menace is consistent with the rhetoric we have used to condemn drunk driving and to acknowledge the grave danger it poses to public safety. See State

v. Magner, 151 N.J. Super. 451, 454 (App. Div. 1977) (referring to "the dangerous menace posed by the intoxicated driver"); State v. Sisti, 62 N.J. Super. 84, 87 (App. Div. 1960) (remarking that the DWI statute, N.J.S.A. 39:4-50, "regards an intoxicated driver as a menace").

We reject defendant's argument the judge's inclusion of the adjective "deadly" somehow crossed the line of judicial propriety. The regrettable but undeniable truth is that drunk driving does indeed pose a deadly menace. We note that in enacting the requirement that repeat DWI offenders install an ignition interlock device, the Legislature found in N.J.S.A. 39:4-50.16(a):

> [t]his State's penalties for drunk driving, including the mandatory suspension of driver's licenses and counseling for offenders, are among the strongest in the nation. However, despite the severity of existing penalties, far too many persons who have been convicted under the drunk driving law continue to imperil the lives of their fellow citizens by driving while intoxicated.
>
> [(emphasis added).]

Sadly, DWI offenses too often result in fatal crashes. Strict enforcement of our DWI laws is designed to deter and prevent such foreseeable tragedies. We see nothing inappropriate in a sentencing judge remonstrating defendant by referring to him as a "deadly menace" based on the back-to-back DWI offenses he committed. So too the sentencing judge's reference to defendant as a

7

"missile" expressed, if by means of hyperbole, the judge's legitimate concern for the safety of the residents of the town in which both DWI offenses were committed. The judge's use of that metaphor to describe defendant's repetitive offense conduct suggests frustration and concern, but does not demonstrate judicial bias warranting the withdrawal of defendant's knowing and voluntary guilty pleas.

Nor does the fact that the municipal court judge imposed a county jail term as authorized by law indicate judicial bias. As our Supreme Court stressed in State v. Marshall, "bias is not established by the fact that a litigant is disappointed in a court's ruling on an issue." 148 N.J. 89, 186 (1997).

Finally, we reject defendant's contention that it was inappropriate for Judge Jones to consider that defendant's claim of judicial bias was made for the first time a decade after sentencing. The timeliness of defendant's efforts to withdraw his guilty plea is clearly relevant to whether vacating the pleas would prejudice the prosecution. Slater, 198 N.J. at 158. Nor was it inappropriate to consider that defendant could have raised the judicial bias contention in his PCR petition. Judge Jones did not suggest there is a time limit for filing a motion to withdraw a guilty plea under Rule 7:6-2(b) or that the judicial bias claim was

A-2401-19

otherwise procedurally barred. On the contrary, the judge carefully considered and rejected defendant's bias argument on its merits.

We add that meritless arguments do not ripen with age. Nor does a meritless argument become viable merely because a defendant, years later, now has incentive to raise it for the first time. As we have noted, defendant sought to withdraw his 2007 guilty pleas only after he was charged with a third DWI offense. We appreciate that defendant is strongly motivated to find some basis upon which to avoid enhanced punishment as a repeat DWI offender.[1] We conclude that defendant's judicial bias argument affords no such basis.

In sum, defendant has not established that Judge Jones abused his discretion in denying the motion to withdraw the guilty pleas. Mustaro, 411 N.J. at 99. Defendant has not suffered a manifest injustice within the meaning of

---

[1] N.J.S.A. 39:4-50 provides in relevant part:

> For a third or subsequent [DWI] violation, a person shall be subject to a fine of $1,000, and shall be sentenced to imprisonment for a term of not less than 180 days in a county jail or workhouse, except that the court may lower such term for each day, not exceeding 90 days, served participating in a drug or alcohol inpatient rehabilitation program approved by the Intoxicated Driver Resource Center and shall thereafter forfeit the right to operate a motor vehicle over the highways of this State for eight years.

A-2401-19

<u>Rule</u> 7:6-2(b).  To the extent we have not addressed them, any additional contentions raised by defendant lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2401-19